124 P.3d 993

**David MARCHBANKS and Sheila Marchbanks, Plaintiffs– Respondents,**

v.

**Mary ROLL and Betty Jo Roll, Defendants–Appellants.**

**Mary Roll and Betty Jo Roll, Plaintiffs–Appellants,**

v.

**David Marchbanks and Sheila Marchbanks, Defendants– Respondents.**

No. 30863.

Supreme Court of Idaho, Boise, September 2005 Term.

Nov. 9, 2005.

118

Coffel Law Offices, Nampa, Idaho, for appellants.

Alexanderson, Davis, Rainey & Whitney, Caldwell, Idaho, for respondents.

SCHROEDER, Chief Justice.

David and Sheila Marchbanks (the Marchbanks) obtained injunctive relief and damages against Mary and Betty Jo Roll (the Rolls) for alleged failure to maintain fences and trespass. The Rolls claim the district court erroneously failed to take judicial notice that Canyon County's designated herd districts contain lands administered by the Bureau of Land Management (BLM) and erroneously concluded that their property lies within a *valid* herd district.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

The Marchbanks own and reside on a farm in Canyon County, Idaho, where they cultivate wheat and various other crops. The Rolls own and reside on property adjacent to the Marchbanks' property. They keep numerous horses. The properties are surrounded by fields and separated by a fence.

On April 8, 2002, the Marchbanks filed a claim against the Rolls in small claims court for $4,000, alleging that the Rolls' horses were trespassing onto their property causing property damage and a loss of income. The Rolls denied each of the Marchbanks' allegations and filed a separate claim against the Marchbanks in small claims court for $4,000, alleging failure to maintain fences, trespass of dogs and child, harassment, and miscellaneous other allegations concerning irrigation practices. The Marchbanks denied the Rolls' allegations as being "filed in retaliation" and amended their claim to include a request for an injunction against future trespass by the Rolls' horses.

The small claims court cases were consolidated and removed to a magistrate court as a consequence of the claim for injunctive relief. The Marchbanks filed an amended complaint alleging that the Rolls "knowingly and intentionally permitted and continue to permit their [horses] to trespass" and requesting attorney fees. At the commencement of the trial the Rolls stipulated that the land where the alleged trespass of their horses had occurred was within a herd district "[s]o that won't be necessary for proof." The magis-

trate court found the Rolls "knowingly allowed" their horses to trespass frequently onto the Marchbanks' property, damaging the Marchbanks' wheat field and eating the Marchbanks' hay. The magistrate court awarded the Marchbanks $3,143.57 in damages consisting of $3,063.57 for reduced crop yield and $80.00 for twenty bales of hay. The magistrate court also ordered a permanent injunction directing the Rolls to immediately maintain their fences and keep their horses on their property. The magistrate court dismissed the Rolls' claim against the Marchbanks as frivolous, without basis, and filed in retaliation. The magistrate court awarded the Marchbanks costs and attorney fees.

The Rolls appealed to the district court which affirmed the magistrate court's decisions and awarded the Marchbanks attorney fees. The Rolls appeal.

## II.

### STANDARD OF REVIEW

■ Upon an appeal from the magistrate's division of the district court, not involving a trial de novo, the district court shall review the case on the record and determine the appeal as an appellate court in the same manner and upon the same standards of review as an appeal from the district court to the Supreme Court under the statutes and law of this state, and the appellate rules of the Supreme Court.

I.R.C.P. 83(u)(1) (2004).

When reviewing the decision of a district court acting in its appellate capacity over the magistrate division, *this Court reviews the magistrate court's decision independently of, but with due regard for, the district court's intermediate appellate decision.* This Court will uphold the magistrate court's findings of fact if they are supported by substantial, competent evidence in the record. With respect to conclusions of law, this Court exercises free review.

*State v. Doe,* 140 Idaho 271, 273, 92 P.3d 521, 523 (2004) (emphasis added) (internal citations omitted). Substantial evidence is " 'such relevant evidence as a reasonable

mind might accept to support a conclusion; it is more than a scintilla, but less than a preponderance.' " *Clear Springs Foods, Inc. v. Clear Lakes Trout Co.,* 136 Idaho 761, 764, 40 P.3d 119, 122 (2002) (quoting *Evans v. Hara's, Inc.,* 123 Idaho 473, 478, 849 P.2d 934, 939 (1993) ).

## III.

### THE DISTRICT COURT DID NOT ERR IN REFUSING TO TAKE JUDICIAL NOTICE THAT THERE ARE BLM LANDS IN CANYON COUNTY AND THIS COURT WILL NOT DO SO

■ The Rolls asked the district court and now ask this Court to take judicial notice that Canyon County contains BLM lands. The significance of the request is that if this Court takes such judicial notice, the Rolls argue that Canyon County's herd district ordinance, which includes all property in Canyon County, is invalid under *Miller v. Miller,* 113 Idaho 415, 745 P.2d 294 (1987). Consequently, the Rolls maintain that they are not liable for the trespass and damage of their horses onto the Marchbanks' property.

■ Appellate courts will not consider issues raised for the first time on appeal. *Green v. Young,* 102 Idaho 735, 639 P.2d 433 (1981); *Vaughan v. Atkinson,* 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962). Where issues were not presented to the trial court by pleadings or evidence touching on particular questions, such questions are not properly before this Court for determination upon review. *Miller v. Miller,* 88 Idaho 57, 396 P.2d 476 (1964). Parties are held to the theory upon which the case was tried in lower court. *Frasier v. Carter,* 92 Idaho 79, 437 P.2d 32 (1968); *Christensen v. Stuchlik,* 91 Idaho 504, 427 P.2d 278 (1967); *Cantlin v. Carter,* 88 Idaho 179, 397 P.2d 761 (1964); *Robinson v. Spicer,* 86 Idaho 138, 383 P.2d 844 (1963); *Cox v. Cox,* 84 Idaho 513, 373 P.2d 929 (1962); *Smith v. Shinn,* 82 Idaho 141, 350 P.2d 348 (1960); *Wormward v. Taylor,* 70 Idaho 450, 221 P.2d 686 (1950).

At the commencement of the trial proceedings, Rolls' counsel stated: "And I have indicated to Mr. Whitney that we will not ques-

**120**

tion that this land is in a herd district. We will so stipulate. So that won't be necessary for proof." Using counsel's stipulation as a basis for proceedings, the magistrate court held a three-day trial, during which time, Rolls' counsel did not raise the issue as to whether the herd district was valid. Later, on appeal before the district court, and now before this Court, the Rolls raise the issue as to whether Canyon County's herd district is valid, asserting that "[t]he law in Idaho is clear that no herd district is valid if it encompasses BLM land that has grazing lands attached."

The district court found that "the evidence clearly established that the [Rolls'] property is located entirely within a long-established herd district in Canyon County, Idaho, (per the stipulation of [Rolls'] counsel)" and that the Rolls "have sought to raise issues for the first time concerning the validity of the herd district, when in fact they stipulated to its existence and applicability at the trial court level." The district court's analysis was correct. The same reasoning applies to this Court's review.

### IV.

### THE TRIAL COURT'S FINDINGS OF FACT ARE SUPPORTED BY THE RECORD

Evidence presented at trial supports the findings of fact made by the magistrate court. Consequently, that record supports the entry of the judgment both for money damages and injunctive relief.

### V.

### THE DISTRICT COURT AND THE MAGISTRATE COURT PROPERLY AWARDED ATTORNEY FEES AND THIS COURT AWARDS ATTORNEY FEES

 The magistrate court found the Rolls' claim against the Marchbanks to be frivolous and filed in retaliation. These findings are supported by the record and form the basis for an award of attorney fees. The district court concluded that the Rolls' claims on appeal were entirely without merit, and that their appeal was brought frivolously, unreasonably, and without foundation as the Rolls did "little more than ask this Court to second-guess the findings of fact issued by the trial court" and "raise issues for the first time concerning the validity of the herd district." That conclusion is supported by the record. Nothing has changed on appeal before this Court. The Rolls do nothing more than invite this Court to take judicial notice contrary to a stipulation at trial which removed the issue from consideration. Neither the magistrate court nor the district court abused its discretion in awarding attorney fees. The appeal to this Court is unreasonable and without foundation. Attorney fees are awarded on appeal.

### VI.

### CONCLUSION

The judgment entered in the magistrate court is affirmed. The order of the district court affirming the magistrate court's decision and awarding attorney fees is affirmed. Costs and attorney fees on appeal to this Court are awarded to the Marchbanks.

Justices TROUT, EISMANN, BURDICK and JONES concur.