# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44443

STATE OF IDAHO, )
                     )
      **Plaintiff-Appellant,**     )
                     )
v.                     )
                     )
VICTOR GARCIA-RODRIGUEZ, )
                     )
      **Defendant-Respondent.** )
                     )

**Boise, February 2017 Term**

**2017 Opinion No. 63**

**Filed: June 14, 2017**

**Stephen Kenyon, Clerk**

**SUBSTITUTE OPINION, THE COURT'S PRIOR OPINION DATED APRIL 14, 2017 IS HEREBY WITHDRAWN.**

---

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Jerome County. Hon. Robert J. Elgee, District Judge.

The district court's order granting Garcia-Rodriguez's motion to suppress is <u>affirmed.</u>

Hon. Lawrence G. Wasden, Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Eric Fredericksen, State Appellate Public Defender, Boise, for respondent. Maya Waldron argued.

---

HORTON, Justice.

    The State of Idaho appeals from the district court's order suppressing evidence against Victor Garcia-Rodriguez. On April 10, 2014, Garcia-Rodriguez was pulled over after an Idaho State Police trooper witnessed Garcia-Rodriguez's car briefly cross over the fog line while exiting Interstate 84. This stop ultimately led to Garcia-Rodriguez's arrest. A search incident to arrest uncovered methamphetamine on his person, and Garcia-Rodriguez was charged with trafficking in methamphetamine and possession of paraphernalia. Garcia-Rodriguez filed a motion to suppress the evidence, which the district court granted. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In the early afternoon of April 10, 2014, Idaho State Police Trooper Steve Otto encountered Garcia-Rodriguez as both were driving eastbound on Interstate 84 near milepost 168, south of Jerome. Garcia-Rodriguez exited the interstate. As he did so, Otto noticed the right tires of Garcia-Rodriguez's car briefly cross over the right fog line of the exit ramp. Garcia-Rodriguez then activated his turn signals. Initially, he signaled a right hand turn before turning on his left hand blinkers. Garcia-Rodriguez turned left off of the exit ramp and onto Lincoln Avenue. Otto testified that he was concerned that Garcia-Rodriguez was impaired or having vehicle issues. Otto followed Garcia-Rodriguez as he traveled down Lincoln toward a Shell gas station. After Garcia-Rodriguez signaled his indication to turn into the gas station, Otto turned on his overhead lights and made a traffic stop.

Garcia-Rodriguez pulled into a parking spot at the gas station, and Otto parked directly behind him. Otto observed a Hertz rental sticker as he approached Garcia-Rodriguez's car and thus knew that it was a rental car. After Otto made contact with Garcia-Rodriguez, it became immediately apparent that there was a language barrier. Otto told Garcia-Rodriquez he stopped him for driving over the fog line and asked him for identification. Garcia-Rodriguez presented a Mexican consular identification card with a Gooding address. Otto began questioning Garcia-Rodriguez about the car and insurance. He eventually asked Garcia-Rodriguez to exit the car because he felt Garcia-Rodriguez was acting nervous and avoiding the center console while searching for the papers Otto had requested.

Otto asked Garcia-Rodriguez to empty his pockets, and Garcia-Rodriguez took out a cell phone, wallet and a set of keys. Otto called for a Spanish-speaking officer and ran checks on Garcia-Rodriguez, but those checks did not return any information. Otto did not attempt to determine if Garcia-Rodriguez had ever previously failed to appear for a court appearance. Otto located someone to translate and asked Garcia-Rodriguez for consent to search his vehicle, which Garcia-Rodriguez gave. Otto searched the center console and found approximately $10,000 in cash inside of a shaving kit. Otto then placed Garcia-Rodriguez in handcuffs and placed him in the patrol car, but stated that Garcia-Rodriguez was not under arrest. Soon after, four more officers arrived on the scene and began to discuss how to search the vehicle because Garcia-Rodriguez's consent was no longer valid.

Eventually, a Spanish-speaking trooper arrived and, approximately 45 minutes after the traffic stop, advised Garcia-Rodriguez of his *Miranda* rights and began asking him questions

about the money. Otto got his drug dog out of his patrol car and walked the dog around Garcia-Rodriguez's car. Otto stated that his dog alerted but it was "really weak," and no drugs were subsequently located in Garcia-Rodriguez's car. Approximately 75 minutes after the stop, Otto arrested Garcia-Rodriguez for failure to purchase a driver's license. Otto conducted a search incident to arrest and found methamphetamine in Garcia-Rodriguez's front pants pocket.

On April 11, 2014, the State charged Garcia-Rodriguez with methamphetamine trafficking and possession of paraphernalia. On June 10, 2014, Garcia-Rodriguez filed a motion to suppress all evidence against him. The district court granted the motion, concluding that the initial stop, the continued detention and the eventual arrest were all unlawful. The State timely appealed. The Court of Appeals reversed the decision of the district court. We then granted Garcia-Rodriguez's petition for review.

## II. STANDARD OF REVIEW

"In cases that come before this Court on a petition for review of a Court of Appeals decision, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court." *State v. Oliver*, 144 Idaho 722, 724, 170 P.3d 387, 389 (2007). "This Court thus acts as if the case were on direct appeal from the district court." *State v. James*, 148 Idaho 574, 576, 225 P.3d 1169, 1171 (2010). "In reviewing a district court order granting or denying a motion to suppress evidence, the standard of review is bifurcated." *Id.* (quoting *State v. Purdum*, 147 Idaho 206, 207, 207 P.3d 182, 183 (2009)). "This Court will accept the trial court's findings of fact unless they are clearly erroneous." *Id.* "However, this Court may freely review the trial court's application of constitutional principles in light of the facts found." *Id.*

## III. ANALYSIS

The State argues that the district court erred by suppressing the evidence because the stop was justified by reasonable suspicion, the arrest was justified by probable cause, and the search of Garcia-Rodriguez's person was proper as a search incident to arrest. Because we decide this case on the issue of probable cause for the arrest and the subsequent search incident to arrest, we do not consider the issue of the initial stop.

A. **The State's argument that the arrest and search incident to arrest were constitutional based on probable cause regardless of state law statutory limitations is not properly before this Court.**

Based on the evidence and testimony presented, the district court concluded that Otto did not have reasonable grounds to arrest Garcia-Rodriguez pursuant to Idaho Code section 49-1407 for the misdemeanor charge of driving without a license under Idaho Code sections 49-301(1) and (8). The district court concluded: "The burden is on law enforcement to provide 'reasonable and probable grounds' to believe a misdemeanor traffic offender will not appear in court. It is insufficient for law enforcement to simply 'disbelieve' information presented by an offender in order to justify an arrest under Idaho Code 49-1407."

For the first time on appeal, the State argues that: "In this case Trooper Otto developed probable cause to believe that Garcia had no driver's license, a violation of I.C. § 49-301(1). . . . This alone constitutionally justified Garcia's arrest. Virginia v. Moore, 553 U.S. 164, 171-72 (2008) (probable cause constitutionally justifies arrest regardless of state laws imposing additional requirements)." Garcia-Rodriguez argues that issue was not argued before the district court and; therefore, is not properly before this Court. The State responds arguing that "the issue of whether the 'stop and search' [was] constitutionally reasonable was raised by Garcia in his motion," and "[t]he prosecutor did not have a duty to negate every legal claim proposed in the motion to suppress, only establish the facts showing the officer's actions were reasonable." The State is incorrect.

"This Court will not consider issues raised for the first time on appeal." *Mickelsen Const., Inc. v. Horrocks*, 154 Idaho 396, 405, 299 P.3d 203, 212 (2013) (quoting *Clear Springs Foods, Inc. v. Spackman*, 150 Idaho 790, 812, 252 P.3d 71, 93 (2011)). "Issues not raised below will not be considered by this court on appeal, and the parties will be held to the theory upon which the case was presented to the lower court." *Heckman Ranches, Inc. v. State, By & Through Dep't of Pub. Lands*, 99 Idaho 793, 799–800, 589 P.2d 540, 546–47 (1979); *Marchbanks v. Roll*, 142 Idaho 117, 119, 124 P.3d 993, 995 (2005); *Frasier v. Carter*, 92 Idaho 79, 82, 437 P.2d 32, 35 (1968) ("We have held generally that this court will not review issues not presented in the trial court, and that parties will be held to the theory on which the cause was tried.").

The State argues that once Otto had probable cause to believe that Garcia-Rodriguez was driving without a license in violation of Idaho Code section 49-301(1), Garcia-Rodriguez' arrest did not violate the Fourth Amendment, despite the limitations that Idaho Code section 49-1407 imposes on arrests for certain misdemeanor violations of Idaho's motor vehicle laws. Although we do not reach the merits of the State's argument, we note that the State's arguments are likely

correct under the holdings of *Virginia v. Moore*, 553 U.S. 164 (2008), and *State v. Green*, 158 Idaho 884, 354 P.3d 446 (2015). However, the State failed to advance this argument below, and it is not properly before this Court on appeal.

We have long held that "[a]ppellate court review is limited to the evidence, theories and arguments that were presented below." *Nelson v. Nelson*, 144 Idaho 710, 714, 170 P.3d 375, 379 (2007) (quoting *Obenchain v. McAlvain Const., Inc.*, 143 Idaho 56, 57, 137 P.3d 443, 444 (2006)); *see also*, *Allied Bail Bonds, Inc. v. Cnty. of Kootenai*, 151 Idaho 405, 413, 258 P.3d 340, 348 (2011); *Woods v. Sanders*, 150 Idaho 53, 59, 244 P.3d 197, 203 (2010); *Meyers v. Hansen*, 148 Idaho 283, 292, 221 P.3d 81, 90 (2009).

A review of the record of the proceedings before the trial court shows that the State consistently argued that Garcia-Rodriguez was arrested pursuant to Idaho Code section 49-301(1) for driving without a license and that Otto reasonably concluded that Garcia-Rodriguez "would likely not appear in court, justifying [Garcia-Rodriguez's] arrest pursuant to Idaho Code 49-301 and 49-1407(1)." That position is set forth in the State's Affidavit in Support of Complaint or Warrant for Arrest, the State's Memorandum Opposing Defendant's Motion to Suppress under the heading "Basis for the Arrest," and in the State's Response to Defendant's Reply to State's Opposition to Defendant's Motion to Suppress, once again under the heading "Basis for the Arrest." The State's current argument that Idaho Code section 49-1407 is immaterial to the question of the constitutionality of the arrest is nowhere to be found.

The State contends that this Court should apply the correct legal analysis in reaching our decision on appeal, without regard for the arguments advanced before the trial court. It is true that "where an order of the district court is correct but based upon an erroneous theory, this Court will affirm upon the correct theory. This doctrine is sometimes called the 'right result-wrong theory' rule." *Idaho Sch. for Equal Educ. Opportunity v. Evans*, 123 Idaho 573, 580, 850 P.2d 724, 731 (1993) (internal citation omitted). While the State properly observes that this Court has corrected lower court decisions based on legal error, we did so when the lower court reached the correct result albeit by way of erroneous legal reasoning. This is not one of those situations. We decline to adopt a "wrong result-wrong theory" approach to reverse a lower court's decision based on issues neither raised nor argued below. In territorial days, a sesquicentenary ago, this Court explained why:

> It is for the protection of inferior courts. It is manifestly unfair for a party to go into court and slumber, as it were, on his defense, take no exception to the ruling, present no point for the attention of the court, and seek to present his defense, that was never mooted before, to the judgment of the appellate court. Such a practice would destroy the purpose of an appeal and make the supreme court one for deciding questions of law in the first instance.

*Smith v. Sterling*, 1 Idaho 128, 131 (1867). This requirement applies equally to all parties on appeal. Because the constitutionality of arresting Garcia-Rodriguez without regard for Idaho Code section 49-1407(1) was not argued before the district court, it is not properly before this Court on appeal.

**B. The State has waived its argument that Garcia-Rodriguez's arrest was justified pursuant to Idaho Code section 49-1407(1).**

As explained above, the district court concluded that Otto did not have reasonable and probable grounds to arrest Garcia-Rodriguez pursuant to Idaho Code section 49-1407 for the misdemeanor charge of driving without a license under Idaho Code sections 49-301(1) and (8). On appeal, the State simply contends:

> Moreover, Trooper Otto's subsequent investigation revealed that Garcia was in this country illegally, had only Mexican consular identification, spoke little English, was not in law enforcement databases, was driving a car rented by someone else, and had bricks of cash Trooper Otto associated with drug trafficking. This gave him grounds to arrest under state law. I.C. §49-1407(1) (arrest for traffic misdemeanors allowed where "the person does not furnish satisfactory evidence of identity or when the officer has reasonable and probable grounds to believe the person will disregard a written promise to appear in court").

The State makes no attempt to explain how or why the district court erred in its conclusion that Otto did not have reasonable and probable grounds to believe that Garcia-Rodriguez would disregard a written promise to appear in court.

"This Court will not search the record for error. We do not presume error on appeal; the party alleging error has the burden of showing it in the record." *Miller v. Callear*, 140 Idaho 213, 218, 91 P.3d 1117, 1122 (2004) (citation omitted).

> We will not consider an issue not supported by argument and authority in the opening brief. Regardless of whether an issue is explicitly set forth in the party's brief as one of the issues on appeal, if the issue is only mentioned in passing and not supported by any cogent argument or authority, it cannot be considered by this Court.

*Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010) (citations and quotations omitted). "A general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue." *Id.* Because the State has not presented this Court with argument or authority to support its argument, the State has waived this argument on appeal.

## IV. CONCLUSION

We affirm district court's order granting Garcia-Rodriguez's motion to suppress.

Chief Justice BURDICK and Justices EISMANN, JONES and BRODY, **CONCUR**.

## ON DENIAL OF PETITION FOR REHEARING

HORTON, Justice.

The State has petitioned for rehearing, explaining: "The [State] requests rehearing because this Court has never held that citing superseded authority on an issue before the trial court forecloses citing the correct authority on appeal." In support of this contention, the State argues:

> Idaho's legal standard requiring compliance with state arrest statutes was superseded with regard to the Fourth Amendment by precedent of the Supreme Court of the United States in 2008. [*Virginia v. Moore*, 553 U.S. 164, 178 (2008)], (The Fourth Amendment "does not require the exclusion of evidence obtained from a constitutionally permissible arrest."). Even so, the Idaho Court of Appeals was still applying this standard in 2011, in a case cited by the parties. *See* [*State v. Jones*, 151 Idaho 943, 265 P.3d 1155 (Ct. App. 2011)]. The standard requiring compliance with state law for an arrest to be "lawful" for purposes of a search incident to arrest was not formally abandoned, regarding both the Fourth Amendment and the Idaho Constitution, until 2015. *State v. Green*, 158 Idaho 884, 887, 354 P.3d 446, 449 (2015).
>
> As the above shows, when the state and the defendant briefed the issue in 2013, and when the district court decided it, there were three Court of Appeals decisions on point regarding the legal standard applicable to the search incident to arrest exception, which decisions were consistent with long-standing precedent of this Court. The parties cited the relevant Idaho precedents and made their arguments based on those precedents. *At the time, a superseding precedent by the Supreme Court of the United States existed, but had never been applied in the context of the legality of a search incident to an arrest that did not comply with state law*.

(footnote omitted, emphasis added). The State's brief in support of rehearing concludes:

7

In this case both parties, and the district court, relied on Idaho Court of Appeals precedent applying a decades-old Idaho standard that held that the search incident to arrest exception required compliance with state arrest law. *It was not clear at that time that this standard had been superseded by Supreme Court of the United States precedent, and in fact was not so held by an Idaho Appellate Court until more than a year after the district court's suppression ruling.* The state submits that it did not waive application of the correct legal standards governing the legality of a search incident to arrest by citing superseded standards to the district court under the facts and circumstances of this case. The state therefore requests rehearing on this issue.

(emphasis added).

The State's factual assertion as to when this case was argued and decided by the district court is inaccurate. The proceedings before the district court did not take place in 2013. The Information was filed May 1, 2014. The motion to suppress was filed on June 10, 2014. The evidentiary hearing on the motion to suppress was held on June 13, 2014. The State's memorandum in opposition to the motion was filed the same date. The defense reply to the State's brief was filed on July 7, 2014. The State filed its response to the reply brief on July 22, 2014. The parties presented their arguments to the district court on August 8, 2014, and the district court memorandum opinion on the motion was filed October 1, 2014.

The State's legal premise is also inaccurate. The State's discussion of the Court of Appeals' decision in *State v. Jones*, 151 Idaho 943, 265 P.3d 1155 (Ct. App. 2011), is not well taken. The State argues in a footnote that in *Jones*, "[t]he Court of Appeals specifically declined to address the effect of *Moore* on Idaho law because it found that the arrest complied with the statute. *Jones*, 151 Idaho at 945 n.1, 265 P.3d at 1157 n.1." This is a misreading of what took place.

There, "Jones filed a motion to suppress evidence, asserting the search violated her rights under the Fourth Amendment of the United States Constitution *and Article I, Section 17 of the Idaho Constitution. . . .*" *Id*. at 944, 265 P.3d 1156 (emphasis added). There is a footnote in *Jones* which the State cites in its brief (but does not quote) which demonstrates that the Court of Appeals had a clear understanding of the effect of *Moore* on Idaho's Fourth Amendment jurisprudence, but the doctrine of constitutional avoidance required the Court of Appeals to determine whether there had been a violation of Idaho Code section 49-1407:

> Jones argues that this Court's decision in *State v. Foldesi*, 131 Idaho 778, 963 P.2d 1215 (Ct.App. 1998) provides a basis to hold that Idaho's Constitution affords greater protection against unreasonable searches and seizures than federal

constitutional standards and has continuing viability despite the holding in *Virginia v. Moore*, 553 U.S. 164, 128 S.Ct. 1598, 170 L.Ed.2d 559 (2008) (a warrantless arrest based on probable cause, even where the arrest violates state law, does not offend Fourth Amendment principles). Because we conclude that the arrest was authorized under Idaho law, we need not reach Jones's constitutional question of whether *Foldesi* enlarges the scope of protection under the Idaho Constitution beyond that of the Fourth Amendment. *See State v. Doe*, 140 Idaho 271, 273, 92 P.3d 521, 523 [2004] ("[W]hen a case can be decided upon a ground other than a constitutional ground, the Court will not address the constitutional issue unless it is necessary for a determination of the case.").

*State v. Jones*, 151 Idaho 943, 945 n.1, 265 P.3d 1155, 1157 n.1 (Ct. App. 2011).

The State's contention that no appellate court of this State had addressed this issue at the time of the hearing is equally flawed. Although we believe the State's statement as to the timing of the proceedings before the district court is an inadvertent error, the effect is that the status of appellate jurisprudence at that time is misrepresented. One year before the proceedings in the district court, the Court of Appeals released its decision in *State v. Branigh*, 155 Idaho 404, 313 P.3d 732 (Ct. App. 2013), *review denied*.

In *Branigh*, the Court of Appeals applied the rule of law pronounced in *Moore*, and in so doing, categorically rejected the premise that violation of statutes or court rules could result in suppression of evidence. The Court of Appeals framed the issue as whether a violation of Idaho Criminal Rule 41(a) called for suppression of telephone records obtained by faxing a search warrant to a cell phone provider in Kansas, despite the rule's territorial limitation. *Id*. at 411, 313 P.3d at 739. The Court of Appeals concluded that it did not. *Id*. at 415, 313 P.3d at 743. The Court of Appeals began with this declaration:

We find this argument to be without merit because the exclusionary rule requires suppression of evidence only when *constitutional* restraints on searches or seizures have been violated. **Decisions of both the United States Supreme Court and the Idaho Supreme Court establish that the violation of state statutes in the conduct of a search or arrest does not justify suppression so long as constitutional standards are met**.

*Id*. at 412, 313 P.3d at 740 (italics in original, bold added). Discussing *Moore*, the Court of Appeals stated: "The Supreme Court held that although the arrest was unlawful under state law, suppression was not warranted because the existence of probable cause for the arrest satisfied the Fourth Amendment." *Id*.

The Court of Appeals then observed that "Idaho Supreme Court authority comports with the foregoing federal court decisions." *Id*. at 413, 313 P.3d at 741. The Court of Appeals cited

9

five decisions of this Court, discussing three at length. *Id*. at 413–14, 313 P.3d at 741–42. Significantly, the Court of Appeals discussed an earlier decision by this Court addressing a statutory violation as grounds for suppressing evidence:

> In *State v. Zueger*, 143 Idaho 647, 650, 152 P.3d 8, 11 (2006), *a warrant was issued in violation of I.C. § 19-4406*, which limits those who may sign a magistrate judge's name to a warrant to the magistrate himself/herself or an authorized peace officer. The magistrate had authorized a prosecutor to sign the magistrate's name to a warrant. *The Idaho Supreme Court held that this error did not constitute a constitutional violation*, stating:
>> In order to rise to the level of a constitutional violation, there must be a defect which calls into question the Constitution's requirement of a finding of probable cause to justify issuance of the warrant. Article I, section 17 of the Idaho Constitution provides that 'no warrant shall issue without a finding of probable cause....' [A] mere procedural error, which does not implicate the defendant's constitutionally protected rights, should not serve to invalidate the otherwise properly issued warrant....

*Id*. at 414, 313 P.3d at 742 (emphasis added). The Court of Appeals also cited our decision in *State v. Skurlock*, 150 Idaho 404, 405–07, 247 P.3d 631, 632–34 (2011), noting in a parenthetical that the case involved "a nighttime search was conducted, allegedly in violation of I.C. § 19-4411 and I.C.R. 41(c)" and that this Court held that "suppression was not warranted because no constitutional violation was shown. *Branigh*, 155 Idaho at 414, 313 P.3d at 742.

In summary, the Court of Appeals' decision in *Branigh* squarely rejected the legal proposition that the parties litigated before the district court in this case more than a year before those proceedings took place. Because the State's petition for rehearing is based upon factual and legal premises which are devoid of merit, it is denied.

Chief Justice BURDICK and Justices EISMANN, JONES and BRODY, **CONCUR**.