**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45511**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 3, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| GABRIEL HINDERS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Order denying motion to suppress, <u>reversed</u>; judgment of conviction, <u>vacated</u>; and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Gabriel Hinders appeals from the district court's judgment of conviction. He argues the district court erred when it denied his motion to suppress. The district court's order denying Hinders' motion to suppress is reversed, the judgment is vacated, and the case remanded.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The facts, as found by the district court, are as follows. An officer was called to the parking lot of an amusement park to respond to a vehicle that was not entirely parked in a parking stall and somewhat blocked the ability of other vehicles and pedestrians to move freely about. Upon arrival, the officer attempted to locate the owner of the vehicle. The officer noticed the vehicle was not locked. The officer was unable to use the vehicle's license plate to determine the owner because state computers were not functioning.

1

The officer entered the vehicle two or three times, attempting to locate any documentation about the owner. The last time the officer entered the vehicle, he found items consistent with contraband on the floor of the passenger side of the vehicle, which he seized. The items later tested positive for controlled substances. The officer had the vehicle towed. He determined that Hinders was responsible for the car and after further investigation, Hinders was located at his house.

The State charged Hinders with possession of a controlled substance and possession of a legend drug. Hinders moved to suppress all evidence gathered as a result of the officer's searches of Hinders' vehicle. In Hinders' brief in support of the motion to suppress, he argued the officer unlawfully searched the vehicle without a warrant or probable cause. Additionally, in an attempt to anticipate the State's argument, Hinders argued that the automobile exception to the warrant requirement did not apply. However, in opposition to the motion, the State did not argue the automobile exception, arguing instead that Hinders did not have standing to challenge the searches and that the community caretaking exception to the warrant requirement applied, allowing the officer to lawfully avail himself of the plain view exception once the officer was legally permitted to enter the vehicle. After finding Hinders had standing to challenge the searches and rejecting the State's argument under the community caretaking exception, the district court denied the motion to suppress. The district court held extraordinary circumstances[1] justify the immediate removal of an abandoned vehicle, but the police never determined whether the vehicle was abandoned.[2] The district court held the officer's searches of the vehicle to determine whether it was abandoned were reasonable. Thus, the district court reasoned that because the officer's entrance into the vehicle was legally justified, the officer could avail himself of the plain view exception to the warrant requirement when he saw the contraband.

Hinders entered a conditional guilty plea to the charges, reserving his right to appeal the denial of his motion to suppress. The district court withheld judgment and placed Hinders on probation for a period of two years. Hinders timely appeals.

---

[1]     This phrase appears in Idaho Code §§ 49-106(11), 49-1803A(1).

[2]     This term appears in I.C. §§ 49-102(1)-(2), 49-1804.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Hinders argues the district court erred when it denied his motion to suppress because the officer: (1) searched his vehicle without probable cause and without a warrant in violation of the Fourth Amendment to the United States Constitution; (2) lacked statutory authority to search the vehicle; and (3) alternatively, exceeded the scope of a reasonable search to determine the vehicle's ownership. Hinders also contends the district court's denial of his motion to suppress created a new reasonableness exception to the warrant requirement.

For the first time on appeal, the State argues that the automobile exception, not the community caretaker exception, to the warrant requirement justified the officer's searches of the vehicle and allowed the officer to lawfully avail himself of the plain view exception. Because the State failed to advance this argument below, it is not properly before this Court on appeal. *See State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017) ("Parties will be held to the theory upon which the case was presented to the lower court."). Moreover, the State's argument that the district court impliedly addressed the automobile exception in its order denying the motion to suppress, thus preserving the issue for appellate review, is not supported by the record. The transcript of the district court's decision indicates it was based on a finding of reasonableness and how that finding allowed the officer to legally enter the vehicle and then avail himself of the plain view exception. Because the State advances no other preserved argument on appeal to justify the officer's warrantless searches of Hinders' vehicle or to support the district court's rationale, the State has failed to demonstrate the officer's intrusion upon

3

Hinders' expectation of privacy in his vehicle, as protected by the Fourth Amendment, was reasonable.

The district court's holding that the officer's searches of Hinders' vehicle was reasonable is unsupported by law. Reasonableness is "the ultimate touchstone of the Fourth Amendment." *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006). Because of this, "the warrant requirement is subject to certain exceptions." *Id.* "Searches conducted without a warrant are considered *per se* unreasonable unless they fall into one of the 'specifically established and well-delineated exceptions' to this general rule." *State v. Lee*, 162 Idaho 642, 647, 402 P.3d 1095, 1100 (2017) (quoting *State v. Bishop*, 146 Idaho 804, 815, 203 P.3d 1203, 1214 (2009)). In other words, a court's consideration of reasonableness under the Fourth Amendment is a question of whether an exception to the warrant requirement is justified.

Here, the district court noted the importance of reasonableness in its decision. However, in relying on reasonableness as a general principle to justify warrantless searches, instead of one or more of the established and well-delineated exceptions to the warrant requirement, the district court erred. The district court should have focused its reasonableness inquiry to ask: under what exception were the officer's searches of Hinders' vehicle reasonable? The district court rejected the State's argument that it was reasonable to apply the community caretaker exception to the warrant requirement, but then failed to apply a different exception to the warrant requirement to justify the searches. The district court rested its decision upon a general finding of reasonableness--that it was reasonable to search the vehicle in order to determine if the vehicle was abandoned. The district court explained the grounds for its reasonableness decision:

> the police just never got to that stage to determine whether this was an abandoned vehicle or not. They were attempting to determine that this was an abandoned vehicle. The Court is going to find that this was a lawful search under the circumstances. That it was reasonable for the police to enter into that vehicle a few times to try to determine who the owner was. . . .
>
> In the course of attempting to determine these questions is when the suspected contraband was found. The Court finds that the contraband was then seen in plain view in a place where the police had a right to be; that is, inside the vehicle attempting to determine the owner to determine the abandonment of the vehicle.
>
> . . . The Court simply finds that this was, although without a warrant, a reasonable entry into this vehicle for the purpose of determining the owner of the vehicle and then contraband seen in plain view while the police were reasonably in a place that they had a right to be conducting the duties that they were conducting to determine abandonment, ownership or not.

4

This explanation does not articulate any recognized exception to the warrant requirement. Because the district court failed to articulate an exception to the warrant requirement recognized by Idaho courts, the district court did not provide a sufficient basis upon which this Court could determine the district court correctly applied the relevant law to the facts. Because the district court did not articulate a recognized exception to the warrant requirement that would justify the otherwise warrantless searches, the district court erred by denying Hinders' motion to suppress.

## IV.

## CONCLUSION

The district court erred by denying the motion to suppress absent an established and well-delineated exception to the warrant requirement. The district court's order denying Hinders' motion to suppress is reversed, the judgment is vacated, and the case remanded.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.