**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45843**

| | |
|---|---|
| ZACKERY DOUGLAS ADAMS, | ) |
| | ) Filed: March 7, 2019 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge.

Judgment of the district court summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Fyffe Law; Robyn Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Zackery Douglas Adams appeals from the district court's judgment dismissing his petition for post-conviction relief. Adams challenges the district court's order granting the State's motion for summary dismissal of his petition. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2016, pursuant to a plea agreement, Adams pled guilty to grand theft, Idaho Code §§ 18-2403(1), 18-2407(1)(b), 18-2409, and unlawful possession of a firearm, I.C. § 18-3316. The district court sentenced Adams to a unified term of fourteen years with eight years determinate for grand theft and a consecutive indeterminate term of five years for unlawful possession of a firearm. Adams filed a direct appeal arguing that the district court erred in imposing his sentence and awarding restitution. In an unpublished opinion, this Court affirmed

1

Adams' judgment of conviction and sentences and the judgment of restitution. *State v. Adams*, Docket No. 44216, (Ct. App. March 27, 2017).

In 2017, Adams filed a pro se petition for post-conviction relief raising numerous claims. Adams' petition consisted of three pages of allegations, a declaration, and a signature line that was unsigned. Some allegations in the petition were supported by a two-page handwritten affidavit of facts signed by Adams. Thereafter, Adams was appointed post-conviction counsel and appointed counsel did not amend Adams' petition. As relevant to his claim on appeal, Adams alleged that his trial counsel was ineffective for failing to raise a double jeopardy challenge, for informing him that "there was no type of 'insanity defense' in the State of Idaho," and for informing him that "the State did not have to prove 'intent' to commit a crime" therefore Adams had "no defense to the crimes charged, and he should plead guilty."

The State filed a motion for summary dismissal arguing that the petition should be dismissed because (1) it was not verified, and (2) Adams failed to present genuine issues of material fact entitling him to an evidentiary hearing. Adams filed a memorandum in opposition to the State's motion for summary dismissal but did not address the State's claim that the petition was not verified and did not provide a notarized signature. After a hearing on the motion, the district court summarily dismissed Adams' petition on both independent grounds presented by the State. Adams timely appeals.

## II.

## ANALYSIS

Adams argues that the district court erred in summarily dismissing his petition for post-conviction relief because (1) his petition was effectively verified by the signature on the affidavit of facts, and (2) his claims presented genuine issue of material fact entitling him to an evidentiary hearing. In response, the State argues that the district court was correct in summarily dismissing Adams' post-conviction claim on both grounds. Further, the State contends that Adams' appellate argument challenging the district court's dismissal on the ground that the petition was not verified is not preserved for appeal, and thus it should not be considered by this Court. We agree with the State.

Appellate court review is limited to the evidence, theories, and arguments that were presented below. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017). Here, the district court dismissed Adams' petition for post-conviction relief on two independent

2

grounds. First, the district court held that Adams' petition for post-conviction relief was not verified and Adams' had not "promptly corrected" this error as challenged by the State. The district court relied, in part, on Idaho Rule of Civil Procedure 11(a) which states that a pro se petition "must be signed by . . . a party personally if the party is unrepresented" and requires the court to "strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Second, the district court reviewed the merits of Adams' claims and independently dismissed each claim for failing to raise genuine issues of material fact.

On appeal, Adams acknowledges that the State moved for summary dismissal "alleging in part that the petition should be dismissed because it was not verified" and "[i]t is unknown why post-conviction counsel did not amend the petition or take even the minimal step of obtaining a notarized petition." Nonetheless, Adams argues, for the first time on appeal, that the "notarized affidavit" that was attached to the petition "should be construed as part of the petition." However, Adams was presented with ample opportunity to rebut the State's allegation that Adams' petition for post-conviction relief was not verified. Adams could have responded to the State's argument in his answer to their motion for summary dismissal, and he could have amended his petition. He failed to do so. Because Adams' argument that his petition was verified is brought for the first time on appeal, it is not properly preserved for this Court. *Garcia-Rodriguez*, 162 Idaho at 275, 396 P.3d at 704. Consequently, we affirm the district court's dismissal of Adams' petition for post-conviction relief on the grounds that it was not verified. Because we affirm the district court on the first ground for dismissal, (i.e. that the petition is unverified), we need not address Adams' challenges to the second grounds for dismissal. *Andersen v. Professional Escrow Services, Inc.*, 141 Idaho 743, 745, 118 P.3d 75, 77 (2005).[1]

---

[1]     We note, however, that Adams' double jeopardy claim is meritless, as the grand theft charge was based on Adams' taking the guns, not theft by possession. In addition, Adams' ineffective assistance of counsel claims as to the intent element fail because (1) the record shows that the court properly advised Adams of the intent element before his plea, and (2) Adams never alleged that he would not have entered the plea, but instead would have gone to trial, had he been adequately advised.

3

### III.

### CONCLUSION

The district court did not err in granting the State's motion for summary dismissal. Therefore, the judgment of the district court summarily dismissing Adams' petition for post-conviction relief is affirmed.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.