# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47811

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

ARTHUR ELLIS VIVIAN,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Filed: August 31, 2021

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey and Michael J. Reardon, District Judges.[1]

Judgment of conviction for possession of a controlled substance, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Arthur Ellis Vivian appeals from his judgment of conviction for possession of a controlled substance. For the reasons set forth below, we affirm the judgment of conviction.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

During a traffic stop for nonfunctioning brake lights, an officer learned that Vivian's driver's license was suspended. Other officers arrived at the scene, one of whom informed the first officer that Vivian had a drug history, prompting the first officer to call for a canine unit. After completing the citation, the first officer exited his patrol vehicle and had a brief

_____

[1] Judge Cheri C. Copsey decided the motion to suppress at issue on appeal. Judge Michael J. Reardon sentenced Vivian and entered the judgment of conviction.

1

conversation with the other officers. A canine unit arrived as this conversation ended. The first officer had a second, brief conversation with the canine officer and then had Vivian exit his car. As the first officer explained the citation to Vivian, the canine officer used his drug dog to conduct a free-air sniff around Vivian's car. The drug dog alerted, leading to a search of the car and the discovery of methamphetamine and a glass pipe. In response to the officers' questions, Vivian made incriminating statements, both before and after receiving *Miranda*[2] warnings. The State charged Vivian with possession of a controlled substance and possession of drug paraphernalia.

Vivian filed a motion to suppress. The district court held that Vivian's detention was unlawfully extended for the approximately two and a half minutes while the officers conversed with each other. However, the district court also held that the evidence found in the car would have inevitably been discovered because Vivian's license was suspended, there was no other person to drive the car away, and the canine unit had been called prior to the unlawful extension. With respect to Vivian's incriminating statements, the district court suppressed the statements Vivian made from the time of the drug-dog alert to the administration of *Miranda* warnings, but not the statements Vivian made after receiving *Miranda* warnings. Vivian entered a conditional guilty plea to possession of a controlled substance, I.C. § 37-2732(c), reserving his right to challenge the partial denial of his motion to suppress. In exchange for Vivian's guilty plea, the State dismissed the remaining count. Vivian appeals.

## II.

## ANALYSIS

Vivian asserts the district court erred by failing to suppress his post-*Miranda* statements because the *Miranda* warnings did not cure the taint of the unlawfully extended detention, and such statements were not inevitable for purposes of the inevitable discovery exception. The State responds that Vivian voluntarily made his post-*Miranda* statements, attenuating the taint of any

---

[2]     *See Miranda v. Arizona*, 384 U.S. 436 (1996).

unlawfully extended detention, and that Vivian would have inevitably made the same statements absent any unlawful detention.[3] We affirm.

In his brief in support of his motion to suppress, Vivian asserted that his statements "were a result of the exploitation of an illegal search." In support of this assertion, Vivian presented an argument applying the attenuation test from *State v. Page*, 140 Idaho 841, 103 P.3d 454 (2004). That test sets forth three factors for a court to consider in determining whether unlawful conduct has been adequately attenuated from the evidence the State seeks to admit, which evidence may include voluntary confessions obtained following an unlawful arrest. *Id.* at 846, 103 P.3d at 459. Those factors are: (1) the elapsed time between the misconduct and the acquisition of the evidence; (2) the occurrence of intervening circumstances; and (3) the flagrancy and purpose of the improper law enforcement action. *Id.* Vivian presented the following argument based on these factors:

> In this case the elapsed time was relatively minimal. After the canine alerted to the vehicle, which was an illegal search due to the illegal seizure, officers searched the vehicle and found the suspected bag of methamphetamine and the pipe. After these items were found, [one] [o]fficer began questioning Mr. Vivian. There were no intervening circumstances in this case as the timeline of canine alert, search of vehicle, and questioning of Mr. Vivian were instantaneous. Finally, the flagrancy and purpose of the improper law enforcement action is high. [The officer who] completed his citation, stood around waiting for the canine officer to arrive, despite being done with his duties related to the traffic stop. He then made additional time for the canine officer to complete his search of the outside of the vehicle, by completing an unnecessary pat down of Mr. Vivian. Therefore, the Court should suppress Mr. Vivian's statements and the evidence found in the vehicle Mr. Vivian was driving as it is "fruit of the poisonous tree."

In response, the State argued, in relevant part, that the discovery of the methamphetamine in Vivian's car was inevitable because the drug-dog alert on the vehicle provided probable cause to search the vehicle. The State further argued that the alert would have occurred regardless of any unlawfully prolonged detention because the vehicle would have remained in the parking lot even if Vivian was released prior to the alert because he did not have a valid driver's license. Regarding Vivian's statements related to the discovery of the methamphetamine, the State argued

---

[3]     The State also argues that the district court erroneously concluded that the conversation among the officers regarding "what to do with Vivian's car contributed to the unlawful extension of the stop." In light of our disposition of this case, we need not address this argument.

that, because the methamphetamine evidence was admissible, Vivian's "request to suppress his statements as a consequence of suppressing the [methamphetamine] should also be denied."

At the conclusion of the suppression hearing, Vivian responded to the State's inevitable discovery argument, asserting:

> And I would note that even if the Court found that inevitable discovery got the State to allowing the admission of the methamphetamine, inevitable discovery doesn't make that seizure and that search legal. It just allows for the admission. And so anything related to it would still potentially be subject to exclusion. Each thing would have to be addressed as to whether it's inevitable and I don't think it's inevitable that if the vehicle was left there and they were to search it, that he necessarily would have been there, would have [been] arrested and would have answered those questions. And I do think the State's lack of addressing that also waives their argument as to those issues.

The prosecutor reiterated the position from its brief that the inevitable discovery exception applied and again asserted that Vivian's post-*Miranda* statements were admissible.

The district court entered a written decision which granted in part, and denied in part, Vivian's motion to suppress. In that decision, the district court made the following factual findings: Vivian's vehicle had no working brake lights; Vivian could not drive the vehicle because his license was suspended; and Vivian's "vehicle could not have been driven away by anyone present at the scene, even after the completion of issuing a traffic citation." Based on these facts, the district court concluded that "a lawful sniff of Vivian's vehicle would have occurred regardless of any unlawful extension of the stop. Thus, the [methamphetamine] would have inevitably been discovered through a permissible alternative investigation already in progress."

Regarding Vivian's statements, the district court found that, after Vivian was arrested, officers asked him "several questions and Vivian made incriminating statements" prior to receiving *Miranda* warnings. The district court suppressed "Vivian's pre-*Miranda* statements after the dog alert." As to Vivian's post-*Miranda* statements, the district court noted it was "unclear" whether Vivian moved to suppress those statements and ultimately declined to "reach that issue" because Vivian did not present any argument or evidence that his post-*Miranda* statements "were coerced."

On appeal, Vivian does not challenge the district court's application of the inevitable discovery exception to the methamphetamine discovered in his vehicle. Instead, Vivian

4

challenges only the district court's failure to suppress his post-*Miranda* statements. Vivian contends that "the giving of *Miranda* warnings did not eliminate the taint of the Fourth Amendment violation, nor did those warning[s] prevent application of the exclusionary rule" and that the State failed to demonstrate he "would have inevitably made the statements." The district court did not, however, apply the inevitable discovery exception to Vivian's post-*Miranda* statements, nor did it address whether the *Miranda* warnings eliminated any taint related to the unlawfully prolonged detention. To the contrary, after noting it was unclear whether Vivian was moving to suppress his post-*Miranda* statements, the district court expressly declined to address the admissibility of those statements. It is well settled that, in order for an issue to be raised on appeal, the record must reveal an adverse ruling that forms the basis for assignment of error. *State v. Huntsman*, 146 Idaho 580, 585, 199 P.3d 155, 160 (Ct. App. 2008); *State v. Amerson*, 129 Idaho 395, 401, 925 P.2d 399, 405 (Ct. App. 1996). To the extent Vivian wished to challenge the district court's understanding of the scope of his suppression motion, he was required to do so in the district court.[4]

Moreover, this Court will not consider new theories for the first time on appeal. *See State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017) (explaining that appellate court review is limited to the evidence, theories, and arguments that were presented below). Vivian did not argue to the district court, as he does on appeal, that *Miranda* warnings "did not eliminate the taint of the Fourth Amendment violation." Rather, Vivian's brief in support of his motion to suppress was based on his argument that his statements should be suppressed as fruit of the search that he argued was illegal because his detention was unlawfully prolonged. Although Vivian argued no attenuation based on elapsed time, a lack of intervening circumstances and the flagrancy and purpose of the officers' actions, he did not present any argument or authority that the *Miranda* warnings did not prevent exclusion of his post-*Miranda* statements. Moreover, it is apparent from the district court's order that it did not perceive any such argument from Vivian's written brief or his oral argument at the conclusion of the suppression hearing. Rather, the district

---

[4]     In his brief in support of the motion to suppress, Vivian did not distinguish between his pre- and post-*Miranda* statements. Thus, it is unclear why the district court was uncertain as to whether Vivian's motion included his post-*Miranda* statements. In any event, as noted, Vivian should have clarified the issue in the district court.

court indicated that post-*Miranda* statements would be admissible despite a prior *Miranda* violation so long as the post-*Miranda* statements were uncoerced. But, because Vivian did not present any argument or evidence on that point, the district court expressly declined to address that issue. For the foregoing reasons, we decline to address the merits of Vivian's arguments regarding the admissibility of his post-*Miranda* statements.

### III.

### CONCLUSION

Vivian does not challenge any adverse ruling by the district court related to the partial denial of his motion to suppress. Consequently, Vivian's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.