# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50062

| | |
|---|---|
| STATE OF IDAHO,<br><br>        Plaintiff-Respondent,<br><br>v.<br><br>PHOENIX MARK CAMPBELL,<br><br>        Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Filed:  November 20, 2023<br><br>Melanie Gagnepain, Clerk<br><br>THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County.  Hon. Rick Carnaroli, District Judge.

Judgment of conviction for attempted strangulation, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.  Ben P. McGreevy, argued.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.  Kenneth K. Jorgensen, argued.

---

HUSKEY, Judge

Phoenix Mark Campbell appeals from his judgment of conviction for attempted strangulation.  Campbell argues the district court abused its discretion by permitting an officer to testify as an expert witness when he had not been disclosed as an expert.  Campbell also argues the officer's testimony was inadmissible to rehabilitate the victim's credibility and the State has not met its burden of showing the district court's error was harmless beyond a reasonable doubt. Because Campbell did not object to the officer's testimony on the basis that it was testimony from an undisclosed expert, he has failed to preserve the issue for review.  As a result, we need not address the remaining issues.  Campbell's judgment of conviction is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The victim, J.P., called the police to report her husband at the time, Campbell, attempted to strangle her.  Following an investigation, Campbell was arrested and charged with felony

1

attempted strangulation, Idaho Code § 18-923. A jury trial was held where J.P. testified that Campbell had attempted to strangle her, and she described the details of the altercation. The State's second witness was Officer Handel, the officer dispatched in response to J.P.'s call. During the State's direct examination of Officer Handel, Campbell objected to various questions on various grounds. One of the objections was that Officer Handel had not been disclosed as an expert and, therefore, could not testify as an expert. However, Campbell never moved for any sanctions for the alleged discovery violation or explained how the preparation of his defense would be prejudiced by Officer Handel's testimony. The district court sustained some of Campbell's objections on various grounds, including that Officer Handel had not been disclosed as an expert.

On redirect examination, the following exchange occurred in relation to one of the State's questions to Officer Handel:

| State: | So the injuries you observed in this case, in your experience as an officer responding to domestic violence cases-- |
|---|---|
| Defense: | Objection. Calls for an opinion. |
| State: | We're going to ask--if I may finish my question. --if the injuries sustained were consistent with the report that was given to you by [J.P.]? |
| Defense: | Objection. Calls for an opinion to speculate. |
| State: | Your Honor, we're just asking if it's consistent with what the reporting party stated. The defense has already called her testimony into question with credibility. We can rehabilitate that. And additionally, he's just stating if what he saw was consistent with what the reporting party stated, not giving any type of expert testimony. |
| Court: | Objection overruled. You may answer. |
| Officer Handel: | Yes, it was consistent. |

The jury found Campbell guilty of attempted strangulation. The district court entered a judgment of conviction. Campbell appeals.

## II.

## STANDARD OF REVIEW

Appellate court review is limited to the evidence, theories, and arguments that were presented below. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017). A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

# III.

# ANALYSIS

Campbell argues the district court abused its discretion by permitting Officer Handel to testify as an expert witness[1] on redirect examination where the State did not disclose the officer as an expert.[2] Campbell also argues Officer's Handel's testimony was inadmissible to rehabilitate

---

[1] As to whether Officer Handel's answer to the one question at issue was expert testimony, it was not. Idaho Rule of Evidence 702 classifies expert witness testimony as:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.

In this case, any testimony regarding bruising was not offered as expert testimony. Several different times, the State responded to Campbell's objections by explaining that bruising is commonly understood and within the realm of a lay person's understanding. Next, Officer Handel did not testify about the cause of J.P.'s injuries, only that the symptoms were consistent with what she described; thus, Officer Handel's observation that the victim's bruising was consistent with what she reported was not wholly scientific or so far removed from the usual and ordinary experience of the average person that it could only be provided by an expert.

[2] Idaho Rule of Evidence 402, provides "Relevant evidence is admissible unless these rules, or other rules applicable in the courts of this state, provide otherwise . . . ." Neither I.R.E. 701 nor 702 "provide otherwise" because they do not predicate the admission of expert testimony on pretrial disclosures. Idaho Criminal Rule 16, however, does "provide otherwise" and predicates the admission of such testimony on a pretrial disclosure. Thus, the only basis on which to exclude Officer Handel's testimony was pursuant to I.C.R. 16: that the State failed to disclose Officer Handel as an expert; his testimony prejudiced Campbell in preparing or presenting a defense; and, as a result, his testimony should be excluded as an I.C.R. 16 discovery sanction.

In the district court, Campbell never moved for discovery sanctions or explained how Officer Handel's testimony would prejudice the preparation of his defense such that exclusion of Officer Handel's testimony was the most appropriate discovery sanction. On appeal, Campbell explicitly disavows that this case should be analyzed as an issue regarding discovery sanctions pursuant to I.C.R. 16. He similarly fails to provide any argument or authority regarding the standard by which a district court imposes discovery sanctions, whether Officer Handel's testimony should have been excluded as the most appropriate sanction for the discovery violation, and whether the district court abused its discretion in declining to exclude the testimony at issue in this case as the most appropriate sanction for a discovery violation. Failure to provide argument *and authority* results in a waiver of the issue on appeal. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (emphasis added).

Instead, Campbell argues on appeal that he need not argue the evidence should be excluded as a result of an I.C.R. 16 discovery sanction but only as violative of I.R.E. 701 and 702 and cites *State v. Dacey*, 169 Idaho 102, 108, 491 P.3d 1205, 1211 (2021) in support of this proposition. We do not read *Dacey* as holding that the plain language of I.R.E. 701 and 702 provides for the exclusion of undisclosed expert testimony in the absence of the appropriate I.C.R. 16 analysis.

J.P.'s credibility and the State has not met its burden of showing the district court's error was harmless beyond a reasonable doubt. The State argues the district court did not abuse its discretion by admitting Officer Handel's testimony because it was not expert testimony.

On appeal, Campbell argues Officer Handel's testimony should have been excluded as expert testimony from a witness who had not been disclosed as an expert. The State responds that Campbell's argument is unpreserved. We agree.

For an issue to be properly preserved for appeal, both the issue and the party's position on the issue must be raised before the trial court. *See State v. Gonzalez*, 165 Idaho 95, 99, 439 P.3d 1267, 1271 (2019). Additionally, evidentiary objections must clearly state the specific ground for the objection, unless the basis for the objection is apparent from context. I.R.E. 103; *State v. Hall*, 163 Idaho 744, 772, 419 P.3d 1042, 1070 (2018). Objections to the admissibility of evidence on one basis do not preserve separate and different bases for exclusion. *Hall*, 163 Idaho at 772, 419 P.3d at 1070. Thus, a party can fail to preserve an evidentiary issue for appeal not only by failing to make a specific objection, but also by making a different objection than the one raised on appeal.

On appeal, the only testimony at issue is one answer Officer Handel gave during his redirect examination. During the trial, Campbell did not object to the answer he challenges on appeal on the basis that Officer Handel was an undisclosed expert. Instead, Campbell objected to Officer Handel's answer as "an opinion to speculate." To properly preserve the issue of whether Officer Handel's answer should have been excluded as undisclosed expert testimony, Campbell must have objected on that specific ground or the basis of the objection must have been apparent from the context. *See Nelsen v. Nelsen*, 170 Idaho 102, 123, 508 P.3d 301, 322 (2022); *Hall*, 163 Idaho at 772, 419 P.3d at 1070. Because Campbell objected on a completely different ground--speculation--Campbell's argument that Officer Handel's testimony should have been excluded as expert testimony by an undisclosed expert witness is not preserved for appellate review.

In his reply brief, Campbell argues that because he made "similar" objections throughout the direct examination of Officer Handel, he sufficiently preserved the issue of whether Officer Handel's redirect testimony should have been excluded as expert testimony by an undisclosed expert witness. Campbell's argument fails because a similar objection is insufficient to preserve the issue for review. *Nelsen*, 170 Idaho at 123, 508 P.3d at 322. Moreover, a review of the transcript indicates Campbell objected to other questions on various bases: he made foundational objections, opinion and speculation objections, and objections to Officer Handel's testimony

because he was not disclosed as an expert. We decline to review all previous evidentiary objections, sift through those objections, determine which prior objection is similar to the objection at issue, and then conclude the prior objections somehow apply to the actual objection at issue. Because the issue is not preserved, we need not address Campbell's additional arguments.

## IV.
## CONCLUSION

Campbell has not preserved a challenge to the district court's evidentiary ruling. Therefore, Campbell's judgment of conviction is affirmed.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.