## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 45434

| | |
|---|---|
| STATE OF IDAHO,<br><br>        Plaintiff-Respondent,<br><br>v.<br><br>GILBERT ALEXANDER<br>GONZALES, JR.,<br><br>        Defendant-Appellant. | )<br>)  **Filed: January 17, 2019**<br>)<br>)  **Karel A. Lehrman, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>)<br>) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Order denying motion to suppress, <u>reversed</u>, judgment of conviction, <u>vacated</u>, and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Gilbert Alexander Gonzales, Jr. appeals from his judgment of conviction and sentence entered upon his conditional guilty pleas to possession of methamphetamine and introducing or attempting to introduce methamphetamine into a correctional facility. Gonzales asserts the district court erred when denying his motion to suppress evidence on the basis that the officer did not have reasonable suspicion for the seizure, and the evidence obtained was the fruit of that illegality. For the reasons set forth below, we vacate Gonzales's judgment of conviction.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

At approximately 1:30 in the morning, an officer was patrolling a parking lot shared by a hotel and a restaurant, both of which were open. The officer saw a woman get out of an

automobile that was parked in a dark area of the parking lot between the two businesses. The officer recognized the woman as a person who had been involved in recent criminal investigations. These investigations included the woman reporting her vehicle being stolen by an associate and then reporting that it was not stolen, and the woman was also suspected of firearm theft. The officer exited his patrol car and attempted to make contact with the woman, but she continued to walk away from the officer and toward the entrance of the hotel. The officer returned to the woman's vehicle and, using his flashlight, saw Gonzales lying down on his side in the fetal position on the rear floorboard.[1] The officer shined the flashlight on himself to show that he was an officer and may have indicated a need for Gonzales to get out of the vehicle. Gonzales exited the vehicle and the officer observed that Gonzales was nervous and twitching. The officer instructed Gonzales to put his hands behind his back, and Gonzales moved as if to do so but then ran away. The officer ran after Gonzales, detained him, and patted him down for weapons. While Gonzales was detained, the officer contacted Gonzales's probation officer, who issued an agent's warrant. Gonzales was arrested and taken to jail, where methamphetamine was found on his person.

Gonzales was charged with possession of methamphetamine, Idaho Code § 37-2732(c)(1), and introducing or attempting to introduce methamphetamine into a correctional facility, I.C. § 18-2510(3). Gonzales filed a motion to suppress, arguing the officer lacked reasonable suspicion to seize him. The district court held a suppression hearing in which the officer and Gonzales testified. The district court denied the motion to suppress based on its finding that the seizure was lawful.

Pursuant to a plea agreement, Gonzales pleaded guilty to possession of methamphetamine and entered an *Alford*[2] plea to the charge of introducing methamphetamine into a correctional facility. He reserved his right to appeal the district court's denial of his motion to suppress. Gonzales timely appeals.

---

[1] Gonzales disputes this finding by the district court; however, the district court indicated it gave more weight to the testimony of the officer than Gonzales relating to the events of the night based on Gonzales's admission that he was under the influence of methamphetamine and its observation that Gonzales's testimony during the motion to suppress hearing was rambling and unclear. The power to assess credibility lies with the trial court. *State v. Molina*, 125 Idaho 637, 640, 873 P.2d 891, 894 (Ct. App. 1993).

[2] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Pursuant to the Fourth Amendment of the United States Constitution, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. CONST. amend. IV. An investigatory seizure is permissible if it is based upon specific articulable facts which justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 21 (1968); *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). "The justification for an investigative detention is evaluated upon the totality of the circumstances then known to the officer." *Sheldon*, 139 Idaho at 983, 88 P.3d at 1223.

Evidence sufficient to establish reasonable suspicion is "less than that necessary to establish probable cause" but requires "more than a mere hunch." *State v. Bishop*, 146 Idaho 804, 811, 203 P.3d 1203, 1210 (2009). Reasonable suspicion "does not require a belief that any *specific* criminal activity is afoot to justify an investigative detention; instead, all that is required is a showing of objective and specific articulable facts giving reason to believe that the individual has been or is about to be involved in *some* criminal activity." *State v. Perez-Jungo*, 156 Idaho 609, 615, 329 P.3d 391, 397 (Ct. App. 2014). In addition, innocent acts, when considered together, can be sufficiently suspicious so as to justify an investigative detention. *United States v. Sokolow*, 490 U.S. 1, 9-10 (1989); *State v. Neal*, 159 Idaho 919, 925, 367 P.3d 1231, 1237 (Ct. App. 2016).

### III.

### ANALYSIS

Gonzales contends the district court erred when denying his motion to suppress. Gonzales asserts the totality of the circumstances known to the officer when Gonzales was initially detained did not give rise to the reasonable suspicion standard necessary for the warrantless seizure of Gonzales. Gonzales also contends the subsequent discovery of methamphetamine on him at the jail is subject to the exclusionary rule, which requires unlawfully seized evidence to be excluded from trial because that search and seizure was derivative of the first unlawful seizure before Gonzales ran from the officer. The exclusionary rule requires the suppression of both "primary evidence obtained as a direct result of an illegal search or seizure" and "evidence later discovered and found to be derivative of an illegality." *State v. Cohagan*, 162 Idaho 717, 720, 404 P.3d 659, 662 (2017). Gonzales contends the district court erred when it denied his motion to suppress based on his assertion that his initial detention was not supported by reasonable suspicion.

At the district court, the State argued Gonzales was detained by the officer when the officer shone his light on Gonzales, then on the officer, and then may have asked Gonzales to get out of the car. Further, the State argued there were reasonable, articulable suspicion for that detention. On appeal, the State argues Gonzales was not seized by the officer prior to taking flight and because the officer had reasonable suspicion to detain Gonzales once he took flight, the district court correctly denied his motion to suppress. Conversely, the State asserts even if Gonzales was detained when the officer shined his flashlight on Gonzales, the district court correctly concluded that to the extent he was detained, such seizure was supported by reasonable suspicion.

The district court concluded that a reasonable person in Gonzales's position would have considered himself detained when he exited the vehicle. The district court noted that the officer had shined his flashlight on Gonzales and then the officer shined the flashlight on himself to show that he was an officer, and he may have indicated a need for Gonzales to exit the vehicle. The district court ruled this detention was reasonable. The district court based its denial of the motion on its holding that the initial detention was supported by reasonable articulable

4

suspicion,[3] and the subsequent flight when the officer attempted to conduct a pat-down for weapons heightened that suspicion and was grounds for a further detention. Additionally, the district court found the officer had probable cause that Gonzales had committed the offense of obstructing and delaying the officer when Gonzales fled. Thus, the district court concluded the methamphetamine that was found on Gonzales when he was booked into jail on the agent's warrant was admissible.

The district court based its decision on several factors. First, the district court considered the fact that the vehicle was parked in a dark area of the parking lot instead of the well-lit entrances to the businesses on either side. The district court noted the officer's recognition of the woman who exited the vehicle as a person of interest in recent criminal investigations. The district court considered that Gonzales was found lying on the vehicle floorboard. Additionally, the district court considered the officer's testimony that, at the time of the stop, he observed Gonzales sweating and twitching, and the court also considered Gonzales's admission during the suppression hearing that he was under the influence of methamphetamine. Gonzales contends these factors fail to establish reasonable suspicion, and the district court improperly ruled the officer had reasonable suspicion to detain Gonzales.

Here, there was no showing of objective and specific articulable facts giving rise to a reasonable belief that Gonzales had been or was about to be involved in criminal activity. The officer did not articulate any basis to support a reasonable inference that Gonzales had committed or was about to commit a crime beyond viewing his behavior as strange or suspicious. The time of night, the fact that the car was parked in a dark area of the parking lot, and Gonzales lying on the floorboard is not enough, either independently or together, to establish reasonable suspicion. Gonzales's implicit association with the woman who had been involved in recent criminal investigations and her avoidance of contact with the officer does not change that conclusion. Consequently, the officer did not have a reasonable suspicion to initially seize Gonzales.

The State asserts the post-flight seizure of Gonzales was supported by reasonable suspicion because fleeing an officer can create reasonable suspicion. However, Gonzales's flight

---

[3]     The State's argument that Gonzales was not seized until after he fled was not raised in the district court and therefore is not preserved for appellate review. *See State v. Garcia-Rodriguez*, 162 Idaho 271, 276, 396 P.3d 700, 705 (2017). Thus, we need not determine whether Gonzales was actually seized at the time he exited the vehicle.

5

cannot validate the unlawful seizure. *See Wong Sun v. United States*, 371 U.S. 471 (1963). In *Wong Sun*, a federal narcotics agent arrived at a laundry business owned by one of the defendants and when the agent showed his badge to the defendant, the defendant immediately slammed the door and started running down the hallway to his living quarters, where he was arrested after multiple officers chased him and cornered him in a bedroom. *Id.* at 474. The defendants were convicted of transportation and concealment of narcotics, and the conviction was affirmed by the Ninth Circuit Court of Appeals. *Id.* at 473. The United States Supreme Court granted certiorari. *Id.* The government argued that the defendant's flight corroborated suspicion of criminal activity. *Id.* at 482. The United States Supreme Court held, "Toy's refusal to admit the officers and his flight down the hallway thus signified a guilty knowledge no more clearly than it did a natural desire to repel an apparently unauthorized intrusion." *Id.* at 483. The Supreme Court reasoned:

> A contrary holding here would mean that a vague suspicion could be transformed into probable cause for arrest by reason of ambiguous conduct which the arresting officers themselves have provoked. That result would have the same essential vice as a proposition we have consistently rejected--that a search unlawful at its inception may be validated by what it turns up.

*Id.* at 484 (internal citations omitted). The same reasoning applies in the present case. Gonzales's refusal to cooperate with his illegal seizure cannot be used by the State to justify a second warrantless seizure.

The totality of the circumstances known to the officer did not give rise to the reasonable suspicion standard necessary for the warrantless seizure of Gonzales, and his subsequent flight cannot validate the unlawful seizure. Therefore, the district court erred when it denied his motion to suppress. Consequently, we reverse the order denying Gonzales's motion to suppress and vacate the judgment of conviction.

## IV.
## CONCLUSION

The facts presented by the State do not support a reasonable suspicion that Gonzales was involved in criminal activity. Accordingly, the district court erred in denying his motion to suppress. We reverse the order denying Gonzales's motion to suppress, vacate the judgment of conviction, and remand the case for further proceedings consistent with this opinion.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.

6