IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 45641

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

FINIS EUGENE WHITE,

        Defendant-Appellant.

)
)  **Filed:  May 16, 2019**
)
)  **Karel A. Lehrman, Clerk**
)
)  **THIS IS AN UNPUBLISHED**
)  **OPINION AND SHALL NOT**
)  **BE CITED AS AUTHORITY**
)
)

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Steven J. Hippler, District Judge.

Judgment of conviction and sentence for aggravated assault, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Finis Eugene White appeals from the district court's judgment of conviction and sentence for aggravated assault.  He argues that the district court (1) erred by ordering him to undergo a psychosexual evaluation, and (2) abused its discretion by imposing an excessive sentence.  For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

White was charged with battery with intent to commit rape.  The charge arose after the victim, C.H., informed police that White attempted to rape her.  C.H. reported to police that White stopped by the hotel where C.H. was working to give her Norco pills.  When White arrived, he and C.H. went into an unoccupied hotel room.  White gave C.H. three Norco pills.  Thereafter, White grabbed C.H., threw her on the bed, and laid on top of her.  C.H. reported that

White rubbed her vagina outside of her clothing, pulled her shirt up, kissed her breasts, and attempted to pull down her pants. C.H. told White to get off of her and to stop. After some time, C.H. was able to remove her cell phone from her pocket, hit the call button, dial her boss's phone number, and yell for help. The attack stopped after C.H.'s co-workers began searching the hotel and yelled for her from the hotel hallway. Eventually, C.H. reported the attack to police. When questioned, C.H. told police and testified to the grand jury that she did not know what happened to the Norco pills that White had given her. Further, C.H. claimed that she did not consume the pills.

The grand jury issued an indictment charging White with battery with intent to commit rape and the State filed a persistent violator enhancement. Five months later, C.H. admitted that she had lied to the police and the grand jury regarding the Norco pills. C.H. explained that she had consumed the pills prior to calling the police. Because of the inconsistencies in C.H.'s testimony, the parties entered into a plea agreement. Pursuant to the plea agreement, White agreed to plead guilty to the amended charge of aggravated assault, Idaho Code §§ 19-901(b), 18-905, and the State agreed to dismiss the persistent violator enhancement. The plea agreement contained the following provision:

> The State will ask that the Defendant submit to a PSE [psychosexual evaluation] at the expense of the Defendant. If the Defendant cannot afford the evaluation, the State may seek restitution for the cost of the evaluation. The Defendant is free to object to the Court ordering the PSE. If the Court decides to order the PSE, the Defendant agrees to submit to the evaluation.

During the change of plea hearing, the district court invited argument from both parties regarding the psychosexual evaluation. The State asked that the district court order White to undergo a psychosexual evaluation prior to sentencing. In response, White argued that it was not necessary under the facts of his case. Ultimately, the district court ordered, and White underwent, the presentence psychosexual evaluation. The psychosexual evaluator concluded that White was a high risk to re-offend. The district court imposed a determinate five-year sentence. White timely appeals.

## II.

## ANALYSIS

White argues that the district court erred by (1) ordering him to undergo a presentence psychosexual evaluation, and (2) imposing an excessive sentence.

2

### A. Psychosexual Evaluation

White argues that the district court erred in ordering him to undergo a presentence psychosexual evaluation because I.C. § 18-8316 allows the district court to order a psychosexual evaluation only where a defendant has been convicted of a crime listed in I.C. § 18-8304 and aggravated assault is not listed therein. In response, the State argues that (1) White failed to preserve his claim that the district court lacked statutory authority to order a presentence psychosexual evaluation, (2) White's claim is barred by the doctrine of invited error, and (3) even if this Court considers White's claim, it fails on the merits.

The Idaho Supreme Court has made clear that "issues not raised below will not be considered by this court on appeal, and the parties will be held to the theory upon which the case was presented to the lower court." *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017) (quoting *Heckman Ranches, Inc. v. State, By and Through Dep't of Pub. Lands*, 99 Idaho 793, 799-800, 589 P.2d 540, 546-47 (1979)). Here, White entered into a plea agreement with the State. Pursuant to the agreement, White was "free to object to the Court ordering the PSE [psychosexual evaluation]." During the change of plea hearing, the district court asked the parties "Do either of you want to be heard on the psychosexual?" In response to the district court's question, both parties presented their positions regarding the psychosexual evaluation. White's argument in its entirety is as follows:

> Your Honor, counsel brought up, and I'll do it in reverse, brought up a conviction for burglary in 2003. The victim in that particular case was extremely intoxicated and a lot of her credibility in what she had said to, I think, the police and also to people afterwards, it was amended to a burglary charge under the circumstances. He doesn't have a history of that type of activity, and in this particular case one of the reasons for the settlement in this case that we came up with was that the victim had lied to the police, she lied to the Grand Jury over some significant matters, and those were weighed in when we came to our resolution of the matter for the aggravated assault, is that I don't think that this case warrants the need for the psychosexual evaluation.
>
> I believe later on if it were to be determined by either IDOC, if you were to sentence him to prison, or if placed on probation, they could order that he have that done as a course of probation. So I don't think it's necessary in this case.

White did not argue below, as he does on appeal, that the district court did not have statutory authority under I.C. §§ 18-8316, 18-8304 to require White to submit to a presentence psychosexual evaluation. Instead, based on the facts of White's case and the inconsistencies in various victims' testimonies, White argued that it was not necessary to require him to undergo

3

the psychosexual evaluation as part of sentencing because it could be ordered as a condition of probation. On appeal, White argues that this issue is preserved because, although his legal theory has evolved from a fact-based argument to a statutory construction argument, the issue of whether to grant White's objection and decline to order the psychosexual evaluation has not changed. White continues by stating that "because this Court's decision does not depend on any factual or legal conclusions made by the district court, Mr. White asserts the issue is preserved for, and should be addressed on, this appeal." We are not persuaded by White's argument.

The Idaho Supreme Court has specifically addressed this issue and concluded that both the issue and the party's position on the issue must be raised before the trial court for it to be properly preserved for appeal. *Garcia-Rodriguez*, 162 Idaho at 275, 396 P.3d at 704. White argued against the district court ordering a psychosexual evaluation because according to White, it could be ordered as a condition of probation. On appeal, White changed his position on the issue; he argues that the district court was precluded from ordering a presentence psychosexual evaluation because the statute authorizing the evaluations, I.C. § 18-8316, states that it applies to "an offender convicted of any offense listed in section 18-8304, Idaho Code" and aggravated assault is not a crime listed in I.C. § 18-8304. White's newly raised argument is not preserved for appeal. Because White did not properly preserve this argument for appeal, we decline to address the merits.

### B. Sentence

White argues that the sentence imposed by the district court was an abuse of discretion because it was excessive in light of mitigating factors. Specifically, White claims that those mitigating factors include: his remorse, his acceptance of responsibility, and his supportive family and friends. The State argues that the district court appropriately considered relevant mitigating factors when imposing its sentence and thus it did not abuse its discretion. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of

4

protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

In this case, the maximum period of confinement allowed by statute is five years imprisonment. *See* I.C. § 18-906. The district court sentenced White to a determinate term of five years. The sentence imposed by the district court was not unreasonable upon review of the facts of the case. The district court expressly considered the facts underlying the original charge, the arguments made by counsel, and White's statements in court. In addition, it reviewed the presentence investigation report and expressly considered the sentencing objectives. The court also considered White's extensive criminal history which included at least ten felony convictions, one of which was a burglary charge that had been amended from rape. Based on those materials, the district court stated that,

> I am deeply troubled by what I see today in your record. I am deeply troubled by the events that led to your arrest here in this case. It appears to me quite evident that you went to that hotel room to use drugs to take advantage of somebody sexually.
>       . . . .
> And, frankly, based on your record and the concerns that I have of the dangerousness that you present to the community, I am disappointed that I have only five years to work with . . . because frankly an indeterminate life sentence is in my mind appropriate to make sure that you are supervised the rest of your life, because I think you are that dangerous.

The district court also expressly considered mitigating factors stating,

> I should make it clear that I have considered the mitigating information presented today, the support that you have, and the letters from folks, but I'm just concerned enough about your conduct and about your criminal record and the safety of the community that I'm going to sentence you to the custody of the Idaho State Board of Corrections for a term of five years, with five years fixed.

The district court articulated its reasons for imposing White's sentence and, based upon a review of the record, White's sentence was not unreasonable. We conclude that the sentence that was

5

imposed on White is adequate to protect societal interests and further the sentencing objectives; thus, the district court did not abuse its discretion in imposing White's sentence.

## III.

## CONCLUSION

White's argument that the district court abused its discretion by requiring White to undergo a presentence psychosexual evaluation is not preserved for appeal. In addition, the district court did not abuse its discretion by imposing White's sentence. Therefore, White's judgment of conviction and sentence for aggravated assault is affirmed.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.