**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47475**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: March 25, 2021 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| CURTIS JAMES KANEASTER, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Judgment of conviction for possession of a controlled substance, vacated and case remanded.

Nevin, Benjamin & McKay, LLP, Boise, for appellant. Dennis A. Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General; Jeffery D. Nye, Deputy Attorney General, Boise, for respondent. Jeffery D. Nye argued.

_____

LORELLO, Judge

Curtis James Kaneaster appeals from his judgment of conviction for possession of a controlled substance. Kaneaster argues that the district court erred in denying his motion to suppress. For the reasons set forth below, we vacate Kaneaster's judgment of conviction and remand for further proceedings consistent with this opinion.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An officer observed Kaneaster driving a vehicle, "ran . . . Kaneaster's information," and discovered he had an outstanding arrest warrant. The officer initiated a traffic stop and learned that Kaneaster was on parole. After arresting Kaneaster based on the warrant, the officer searched the vehicle and found a glass pipe with methamphetamine residue. At the time of the

1

search, Kaneaster had signed a supervision agreement consenting to searches by law enforcement and waiving his right against searches (the "parole waiver"). The State charged Kaneaster with possession of a controlled substance. I.C. § 37-2732(c)(1).

Kaneaster moved to suppress the evidence found as a result of the stop. Kaneaster advanced multiple arguments, including that he had standing to bring his motion. In response, the State asserted that Kaneaster lacked standing to contest the search of his vehicle because of his parole waiver. The State did not address Kaneaster's remaining arguments.

At the hearing on the motion to suppress, only two documents were entered into evidence--Kaneaster's supervision agreement and his prior judgment of conviction for which he was on parole. Neither party presented testimony. The district court held that Kaneaster lacked standing to challenge the search of the vehicle because he consented to the search by virtue of the parole waiver. The district court, therefore, denied Kaneaster's motion to suppress.

Kaneaster moved for reconsideration. At the subsequent hearing, two more documents were entered into evidence--the preliminary hearing transcript and the officer's affidavit of probable cause. Kaneaster testified at the hearing, but his testimony largely consisted of legal arguments. In response to an objection by the State, the district court held that it would not consider the facts presented in Kaneaster's testimony, but would consider the legal arguments.[1] The district court denied the motion for reconsideration.[2] The case proceeded to trial and a jury found Kaneaster guilty of possession of a controlled substance. Kaneaster appeals.

## II.
## STANDARD OF REVIEW

Constitutional questions are questions of law over which we exercise free review. *State v. Sherman*, 156 Idaho 435, 438, 327 P.3d 993, 996 (Ct. App. 2014). But, the standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*,

---

[1] Kaneaster has not challenged this ruling. Consequently, we do not consider the facts asserted by Kaneaster in his testimony.

[2] For convenience, references to the motion to suppress include the motion for reconsideration unless the context indicates otherwise.

128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Kaneaster argues that the district court erred by denying his motion to suppress. Kaneaster asserts the district court erred in holding that he lacked standing to challenge the search of the vehicle. Kaneaster also asserts that the parole waiver does not render the search reasonable because there is no evidence the officer knew of the parole waiver at the time of the search.[3] In the alternative, Kaneaster argues that the parole waiver is invalid because it is an unconstitutional delegation of authority from the Board of Correction to law enforcement, making the parole waiver invalid. Kaneaster asserts these errors are not harmless. The State responds that its standing argument to the district court should be interpreted as an argument that Kaneaster consented to the search as part of his parole waiver and, thus, the district court did not deny his motion based on a lack of standing, but based on the consent exception to the warrant requirement. The State also asserts that the parole waiver does not violate the nondelegation doctrine.

### A.     Nondelegation Doctrine

We first address Kaneaster's argument that his parole waiver is invalid because it violates the nondelegation doctrine. According to Kaneaster, the parole waiver allows law enforcement "to control, direct and manage parolees," which is a power constitutionally entrusted to the Board of Correction.[4] The State responds that the nondelegation doctrine does not apply because

---

[3]      Kaneaster also preemptively argues that the State failed to preserve arguments regarding other potential justifications for the search and that, even if they had been raised before the district court, the State failed to prove them. We do not address these other potential justifications because they did not form the basis for the district court's order denying Kaneaster's motion to suppress, and the State does not assert them on appeal.

[4]      Kaneaster's nondelegation argument was not presented to the district court until he testified at the hearing on his motion to reconsider the denial of his motion to suppress. Because the district court denied the motion to reconsider, reaffirming its previous conclusion that

3

the Board of Correction is part of the executive branch and law enforcement is "not part of the legislative or judicial" branch. In the alternative, the State argues that the nondelegation doctrine does not apply because the parole waiver does not delegate any decision-making authority from the Board of Correction to law enforcement. Because we agree with the State's second argument, we do not address the State's categorical argument that the nondelegation doctrine does not apply to transfers of decision-making authority from the Board of Correction to law enforcement.

The Idaho Constitution divides state governmental power "into three distinct departments, the legislative, executive and judicial." IDAHO CONST. art. II, § 1. The nondelegation doctrine stems from the prohibition in the next clause, which provides that "no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any powers properly belonging to either of the others, except as in this constitution expressly directed or permitted." *Id.* While this prohibition typically applies in the context of delegated legislative authority, the nondelegation doctrine also applies to other branches of government, prohibiting them from delegating constitutionally entrusted decision-making authority to another branch. *State v. Armstrong*, 158 Idaho 364, 369, 347 P.3d 1025, 1030 (Ct. App. 2015). As Kaneaster correctly notes, the Idaho Constitution gives the Board of Correction "the control, direction and management . . . of adult felony probation and parole." IDAHO CONST. art. X, § 5. The legislature, following the constitutional directive to enumerate the associated duties, *id.*, has charged the Board of Correction with the duty to supervise parolees, I.C. § 20-219(1)(b)-(c).

According to Kaneaster, the parole waiver "purports to allow law enforcement agents to control, direct[,] and manage parolees through the power to search them without knowledge or permission of an agent of [the Idaho Department of Correction]." We disagree with Kaneaster's interpretation. Kaneaster's parole waiver reads as follows:

> I consent to the search of my person, residence, vehicle, personal property, and other real property or structures owned or leased by me, or for which I am the

Kaneaster consented to the search by virtue of his Fourth Amendment waiver, the district court did not address the nondelegation issue.

4

controlling authority conducted by any agent of [the Idaho Department of Correction] or a law enforcement officer. I hereby waive my rights under the Fourth Amendment and the Idaho [C]onstitution concerning searches.

Kaneaster's parole waiver allows law enforcement to conduct general searches. As we noted in *Armstrong*, "[p]erforming a search is not equivalent to engaging in 'the control, direction and management' of parole and parolees." *Armstrong*, 158 Idaho at 369, 347 P.3d at 1030.

Kaneaster asserts his case is distinguishable from *Armstrong* because that case involved a search conducted by law enforcement pursuant to a parole officer's request, which we held did not violate the nondelegation doctrine. *See id.* at 370, 347 P.3d at 1031. Kaneaster argues that his parole waiver "should be construed to be limited to those searches by law enforcement officers which are done with the knowledge and approval of an agent of the [Idaho Department of Correction]." *Armstrong* does not require such a result. The parolee in *Armstrong* agreed to searches "by any agent of Field and Community Services," an entity now known as the Bureau of Probation and Parole. *Id.* at 366 & n.1, 347 P.3d at 1027 & n.1. Accordingly, we addressed whether law enforcement acted as an agent of the parole officer. Here, Kaneaster consented to searches by law enforcement *in addition to* searches conducted by agents of the Idaho Department of Correction. Given the disjunctive nature of Kaneaster's parole waiver, there is no need to conduct the agency analysis we performed in *Armstrong* because, unlike the defendant in *Armstrong*, Kaneaster expressly consented to searches conducted by law enforcement. Kaneaster has failed to show that the nondelegation doctrine invalidates his parole waiver.

**B.    Standing**

On appeal, Kaneaster argues the district court erred by denying his motion to suppress because he did not lack standing to challenge the warrantless vehicle search. In response, the State argues the district court did not err by denying Kaneaster's motion to suppress because he consented to the search of his vehicle. In reply, Kaneaster contends the State did not preserve this argument for appeal because the State's only argument before the district court was that he lacked standing to challenge the search based on the parole waiver, not that the consent exception to the warrant requirement justified the warrantless search. The State responds that, although characterized as a challenge to Kaneaster's standing, its argument to the district court was that Kaneaster consented to the search as part of his Fourth Amendment waiver. Thus, the

5

State contends that its argument on appeal regarding the consent exception is preserved. We hold that the applicability of the consent exception is preserved for appeal.

As an initial matter, we reiterate that there is a distinction between standing and consent. As recently explained by the Idaho Supreme Court: "Standing in the Fourth Amendment context is used as shorthand for the question of whether the defendant *personally* has a reasonable expectation of privacy in the place searched." *State v. Maxim*, 165 Idaho 901, 906, 454 P.3d 543, 548 (2019). Fourth Amendment standing, therefore, focuses on whether a defendant's Fourth Amendment rights were implicated. *Id.; see also Byrd v. United States*, ___ U.S. ___, ___, 138 S. Ct. 1518, 1530 (2018) (explaining that "standing in Fourth Amendment cases can be a useful shorthand for capturing the idea that a person must have a cognizable Fourth Amendment interest in the place searched before seeking relief for an unconstitutional search"). Issues regarding standing generally arise where the place or item searched is owned by someone other than the defendant. *See Maxim*, 165 Idaho at 906, 454 P.3d at 548. Consent, on the other hand, applies where the defendant's Fourth Amendment rights are implicated but the question is whether the defendant consented to the challenged conduct. *See id.* at 907, 454 P.3d at 549.

In response to Kaneaster's motion to suppress, the State argued that Kaneaster's motion failed because he "waived his constitutional rights concerning searches." The State also noted that, "as part of his parole agreement, [Kaneaster] *consented* to searches by law enforcement officers." The State asserted that Kaneaster's consent meant he lacked standing to challenge the search. Similarly, at the hearing on Kaneaster's motion to suppress, the district held that, based on the parole waiver, Kaneaster "consented to the search and so . . . [he] does not have standing to challenge the search of the vehicle." Finally, at the hearing on the motion for reconsideration, the district court did not mention the word "standing," but remarked:

> [T]he officer did have the right to search the vehicle in which you were located. That's [*Armstrong*, 158 Idaho 364, 347 P.3d 1025,] where you have waived your Fourth Amendment rights. That waiver is valid . . . .
> . . . the Agreement of Supervision that you signed indicated that you consent to the search of your person, residence, vehicle, personal property, and other real property or structures that are owned or leased by you . . . and conducted by any agent of [the Idaho Department of Correction] or a law enforcement officer.

6

Notably, the *Armstrong* case cited by the district court did not address standing. Instead, *Armstrong* noted that "Fourth Amendment waivers [in supervision agreements] . . . operate as consents to search." *Armstrong*, 158 Idaho at 370, 347 P.3d at 1031. Thus, although framed as a question of standing, given the focus on consent by both the State and the district court, the State's argument raised the applicability of the consent exception and the district court found that the State had satisfied this exception. *See Maxim*, 165 Idaho at 906, 454 P.3d at 548 (noting that State's standing arguments were "better construed" as invoking the consent exception).[5]

## C.     Consent Exception

Having concluded that the State's argument regarding the applicability of the consent exception was preserved, we turn to the merits of whether the district court correctly concluded that the exception applies to the search conducted in this case. The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* Consent is a recognized exception to the warrant requirement, including when the consent stems from a Fourth Amendment waiver contained in a probation or parole agreement. *Armstrong*, 158 Idaho at 370, 347 P.3d at 1031. However, for a Fourth Amendment waiver to render a search reasonable, law enforcement must be aware of the waiver at the time of the search. *Maxim*, 165 Idaho at 908, 454 P.3d at 550.

---

[5]     If the State's objection below had been based on actual standing, as Kaneaster contends, such an objection would have placed his Fourth Amendment interest in the vehicle that was searched squarely at issue. A defendant has the burden to show Fourth Amendment standing. *See Byrd*, ___ U.S. at ___, 138 S. Ct. at 1530; *Maxim*, 165 Idaho at 905, 454 P.3d at 547. Kaneaster asserted in his motion to suppress that he had standing because he "was the driver of the vehicle seized." This assertion is insufficient for purposes of establishing Fourth Amendment standing. *See State v. Hanson*, 142 Idaho 711, 718, 132 P.3d 468, 475 (Ct. App. 2006) (explaining that when a search concerns a vehicle, the mere fact that an individual is driving the vehicle is insufficient to confer standing). However, we need not resolve whether Kaneaster had actual standing because the State has not raised the issue on appeal, nor was it decided by the district court.

At appellate oral argument, Kaneaster conceded that he consented to the search by virtue of his parole waiver, but maintained the State had nonetheless failed to prove the consent exception because the State failed to prove the officer knew of the parole waiver at the time of the search. The State responds that Kaneaster failed to preserve his argument regarding the officer's knowledge and that, in any event, the record shows the parties agreed that the officer knew of the parole waiver at the time of the search. Because Kaneaster did not present this argument in the district court, we hold that he failed to preserve his argument for appeal.

As Kaneaster correctly notes, the State bore the burden to show the officer knew of the parole waiver at the time of the search. *See Maxim*, 165 Idaho at 907, 454 P.3d at 549. This burden on the State, however, does not relieve Kaneaster of the obligation to preserve arguments for appeal. *See Armstrong*, 158 Idaho at 367-68 & n.3, 347 P.3d at 1028-29 & n.3. Appellate court review is limited to the evidence, theories, and arguments that were presented in the district court. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017). This holds true even when the burden shifts to the State to show an exception to the warrant requirement. *Armstrong*, 158 Idaho at 368 n.3, 347 P.3d at 1029 n.3. Even then, a defendant must comply with "the requirements of preserving arguments for appeal, especially when the [S]tate asserted a prima facie case that an exception to the warrant requirement applied."[6] *Id.*

Seeking to show preservation, Kaneaster notes he argued to the district court that the search of the vehicle was a warrantless search and that the State must show an exception to the warrant requirement. However, these arguments are too general to have raised the specific issue of whether the officer knew of the parole waiver prior to the search. As we noted in *Armstrong*, "[e]ven when a defendant mentions the general basis for a motion to suppress, his or her arguments on appeal are limited by what was argued to the trial court." *Armstrong*, 158 Idaho at 368, 347 P.3d at 1029.

---

[6] Kaneaster asserts that *Armstrong* can be distinguished on the basis that, unlike *Armstrong*, the State in Kaneaster's case did not assert a prima facie case for the consent exception, specifically regarding the officer's knowledge of Kaneaster's parole waiver. Kaneaster misinterprets *Armstrong*. We did not condition a defendant's preservation obligation on the State presenting a prima facie case but, instead, noted the increased force of the preservation rationale when the State had made such a showing. *Armstrong*, 158 Idaho at 368 n.3, 347 P.3d at 1029 n.3.

Next, Kaneaster notes he argued to the district court that the officer was not an agent of probation and parole because the officer did not have authorization from probation and parole to perform the search based on Kaneaster's parole waiver. This also failed to raise an issue regarding the officer's knowledge of the parole waiver--a lack of authorization to search is not equivalent to lack of knowledge of a parole waiver.

Finally, Kaneaster asserts that, under recent Idaho Supreme Court case law, he preserved his argument on appeal because his argument does not present "a change in his position [before the district court] that the warrantless search was not justified by the consent exception to the warrant requirement." The Idaho Supreme Court has allowed arguments on appeal to evolve from those asserted before a trial court, provided the issue and the party's position remain consistent. *Ada Cty. Highway Dist. v. Brooke View, Inc.*, 162 Idaho 138, 142 n.2, 395 P.3d 357, 361 n.2 (2017). Here, however, Kaneaster never raised an argument regarding the officer's knowledge of the parole waiver. In short, there was no argument raised below from which Kaneaster's argument on appeal could evolve. Thus, contrary to Kaneaster's assertions, his case is not distinguishable from other Idaho Supreme Court cases where a party failed to raise arguments before the trial court. *See State v. Gonzalez*, 165 Idaho 95, 99, 439 P.3d 1267, 1271 (2019); *Garcia-Rodriguez*, 162 Idaho at 275, 396 P.3d at 704. Despite Kaneaster's attempts on appeal to suggest that his general arguments in the district court included the knowledge issue or that his arguments on appeal are a mere refinement of the arguments raised in the district court, he failed to preserve his appellate argument that the officer lacked knowledge of Kaneaster's parole waiver at the time of the search.[7]

Although the normal course would be to affirm the district court's order denying Kaneaster's motion to suppress, this case presents an exception. When the parties argued Kaneaster's motion to suppress, *Maxim* had not yet been decided. As such, the parties were not on notice that the officer's knowledge of the parole waiver comprised part of the consent exception. Consequently, we remand this case to the district court for further proceedings including to resolve, in the first instance, whether the officer had knowledge of Kaneaster's parole wavier at the time of the search of the vehicle.

---

[7] Given this conclusion, we do not address the State's argument that the record shows the parties agreed that the officer knew of Kaneaster's parole waiver at the time of the search.

9

## IV.
## CONCLUSION

Kaneaster has failed to show that the nondelegation doctrine invalidates his parole waiver. The State's argument to the district court that Kaneaster's parole waiver authorized the search of the vehicle he was driving, although framed as a standing argument, preserved the consent exception to the warrant requirement. Although Kaneaster failed to preserve his argument that the officer did not know of the parole waiver at the time of the search, because *Maxim* was not decided at the time the consent exception was litigated before the district court, we remand to the district court for further proceedings including to resolve this issue in the first instance. Consequently, we vacate Kaneaster's judgment of conviction for possession of a controlled substance and remand for further proceedings.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.