**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51466**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 23, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MICHAEL JOHN ASHBAUGH, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge. Hon. James Combo, Magistrate.

Memorandum decision and order of the district court, on intermediate appeal from the magistrate court, affirmed.

Phelps & Associates, PS; Douglas D. Phelps, Spokane, Washington, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Michael John Ashbaugh appeals from the district court's memorandum decision and order, on intermediate appeal, affirming the magistrate court that: (1) the State's disclosure of dashboard camera video footage did not constitute a *Brady v. Maryland*, 373 U.S. 83 (1963) violation; (2) the magistrate court did not err in responding to the jury's question; and (3) there is no cumulative error. The State argues the district court, on intermediate appeal, did not err in affirming the magistrate court. We hold the district court, sitting in its appellate capacity, did not err in affirming the magistrate court.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Ashbaugh was stopped after Officer Schatz observed Ashbaugh abruptly swerve and cross over the centerline. Subsequent breath testing showed Ashbaugh's breath alcohol concentration

1

to be .093/.090 and, as a result, Ashbaugh was charged with misdemeanor driving under the influence (DUI) in violation of Idaho Code § 18-8004.

At trial, during jury selection, Ashbaugh asserted that the State had not disclosed Officer Schatz's dashboard camera video footage that showed the entire encounter between Ashbaugh and Officer Schatz. The State located the video, made a copy for Ashbaugh, and then played the video for Ashbaugh's review. After watching the video, Ashbaugh moved to dismiss the case as a sanction for failing to disclose the video. Ashbaugh explained that as he watched the video, he did not see his vehicle cross the centerline and, had the video been timely disclosed, he would have filed a motion to suppress. The magistrate court cited *Brady* to underscore the State's obligation to disclose exculpatory evidence but noted that since the jury was not yet seated, jeopardy had not attached and thus, dismissal was not an appropriate remedy. However, the magistrate court also noted that, in the interest of justice, it would vacate and continue the jury trial.

Ashbaugh then filed a motion to suppress, arguing Officer Schatz did not have reasonable articulable suspicion to execute the traffic stop. Attached to the motion as Exhibit B was a copy of Officer Schatz's dashboard camera video. At the subsequent hearing, the only witness that testified was Officer Schatz. Officer Schatz was asked about the video and testified about its contents; the contents of the video were consistent with his testimony. Ashbaugh did not cross-examine Officer Schatz about the contents of the video and did not offer the video into evidence. As a result, the magistrate court concluded that, based on the evidence presented--which was solely Officer Schatz's testimony--there was reasonable articulable suspicion for the stop and denied the motion to suppress.

Two days before the continued trial, Ashbaugh filed a motion to reconsider and review the dashboard camera video. In an attached declaration, defense counsel indicated that he had "anticipated that the Court would review and consider the dash-cam video" that was submitted with the motion to suppress but that "it became apparent that the Court had not reviewed or considered the dash-cam video" when the magistrate court denied the motion to suppress. The morning of trial, the magistrate court held a hearing on the motion to reconsider. Defense counsel explained that he attached the dashboard camera video to his motion to suppress and "assumed" and "mistakenly[] believed" the video would be viewed. The State objected, noting that Ashbaugh

2

could have, but did not, cross-examine Officer Schatz when the officer testified about the contents of the video and that Ashbaugh failed to admit the video into evidence.

The magistrate court denied the motion. The magistrate court explained that although the video was attached to the motion to suppress, that did not mean the exhibit was automatically admitted into evidence, and Ashbaugh had otherwise failed to admit the video. The magistrate court went on to explain it could not "just take judicial notice of a filing of a document and admit that when it wasn't offered" for admission at the hearing. The magistrate court declined to find good cause for the failure to offer the video and found that, without some further action, it was not reasonable to simply rely on the filing of an exhibit and then assume the exhibit would be admitted.

The case proceeded to trial and the only witness was Officer Schatz. During a break in the trial, Ashbaugh told the magistrate court that he intended to offer into evidence the first minute of the dashboard camera video but because of technical difficulties, a redacted copy of the video was being brought from his office to the courthouse. The State objected, and the magistrate court overruled the objection. Ashbaugh indicated that his assistant was two minutes away from the courthouse with the copy of the video. After almost thirty minutes, Ashbaugh informed the magistrate court that, although he had the video, he could not get it to play on any of the court's equipment. According to Ashbaugh, he tried to play the video on two different DVD players and neither would play the video. The prosecutor offered to allow Ashbaugh to use the State's DVD player, but the video still would not play. The magistrate court indicated that unless Ashbaugh could figure out how to get the video to play, it was going to bring the jury back in and the trial would go forward. Ashbaugh never figured out how to play the video, so it was not offered into evidence.

After the parties rested and the jury began deliberations, the jury sent out the following question: "Can the jury consider whether or not the officer legally pulled over Mr. Ashbaugh? And if so, did the officer legally pull him over under the rule of law?" The magistrate court proposed "simply respond[ing] back that this is not an issue for the jury's determination." Ashbaugh objected, stating that the magistrate court's proposed response might go too far because the jury could conflate that instruction with the officer's credibility and the way the officer described the stop. Ultimately, the magistrate court provided the following response: "The Court has received your question. The issue as to the legality of the stop is not an issue for the jury's determination."

3

Thereafter, Ashbaugh was found guilty of misdemeanor DUI. Ashbaugh appealed to the district court.

On intermediate appeal, Ashbaugh raised three issues: (1) whether the State's failure to timely disclose the dashboard camera video pursuant to *Brady* violated Ashbaugh's due process rights and warranted a new trial; (2) whether the magistrate court's response to the jury's question invaded the province of the jury by deciding the credibility of the officer's testimony; and (3) whether the errors constituted cumulative error which warranted a new trial. At oral argument, Ashbaugh argued that the magistrate court did not allow the dashboard camera video to be submitted; that the jury asked about what was on the video; and that the magistrate court told the jury the video was not evidence the jury should consider.

The State explained to the district court that Ashbaugh's representations about what occurred in the magistrate court were incorrect. The State told the district court that: (1) the video was never offered into evidence; (2) that although the video was disclosed during the morning of the first trial, once that trial was vacated, Ashbaugh had the video for approximately four months before the next trial; and (3) the only reason the video was not played at the trial was because Ashbaugh was unable to play the video. Thus, explained the State, there was no *Brady* violation because Ashbaugh "had all of this information for trial and simply failed to properly submit it, failed to offer it into evidence at all." The State further clarified that the jury did not ask about the contents of the video but instead asked about the lawful basis for the stop and argued that the magistrate court's response was proper.

The district court issued a memorandum decision and order on appeal, affirming the magistrate court. First, the district court concluded that because the video was never offered into evidence, it could not determine whether the video was *Brady* material. The district court held that even if the video constituted *Brady* material, any prejudice from the late disclosure was remedied by vacating and continuing the trial. Further, the district court held that any potential prejudice arising from the late disclosure was cured by giving Ashbaugh time to review the video and file the motion to suppress. Because Ashbaugh could have played the video at the motion to suppress hearing and the trial but did not, there was no showing that any untimely disclosure of the dashboard camera footage prevented Ashbaugh from effectively preparing and presenting his case.

4

The district court also addressed Ashbaugh's argument regarding the magistrate court's response to the jury's question. The district court held that the magistrate court did not err in its response to the jury's question because the response contained no language that suggested the magistrate court was commenting on or deciding the officer's credibility and nothing in the response invaded the province of the jury. Finally, the district court held there was no showing of one or more error and thus, the cumulative error doctrine did not apply. Ashbaugh again appeals.

## II.

## STANDARD OF REVIEW

On appeal of a decision rendered by the district court while acting in its intermediate appellate capacity, this Court directly reviews the district court's decision. *State v. Phipps*, 166 Idaho 1, 4, 454 P.3d 1084, 1087 (2019). For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

## III.

## ANALYSIS

On appeal, Ashbaugh raises four issues. Ashbaugh argues the district court erred in: (1) affirming the magistrate court's finding that there was no *Brady* violation; (2) holding the magistrate court's response to the jury's question did not violate Ashbaugh's due process rights; (3) holding the magistrate court's response to the jury's question did not invade the province of the jury or direct the jury to make a finding regarding Officer Schatz's credibility; and (4) holding the cumulative error doctrine did not apply since Ashbaugh failed to show one or more errors in the magistrate court's rulings. The State argues the district court did not err. We address each argument in turn.

5

## A.    *Brady* **Violation**

On this issue, Ashbaugh provides nothing more than a conclusory argument:   "The Appellant maintains the state engaged in misconduct by failing to disclose exculpatory evidence. The failure to disclose exculpatory evidence was tactical and designed to gain an unfair advantage in the jury trial requiring reversal and a new trial."  A party waives an issue on appeal if either authority or argument is lacking.  *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Not only is this statement conclusory, it is also unsupported (and unsupportable) by any citation to the record, in violation of Idaho Appellate Rule 35(a)(6) ("The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefore, with citations to the authorities, statutes and parts of the transcript and record relied upon.").  We decline to search the record for any error.  *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010) (holding appellate courts will not search the record on appeal for error). Consequently, to the extent that an assignment of error is not argued and supported in compliance with the Idaho Appellate Rules, it is deemed to be waived.  *Id.*  Ashbaugh's failure to comply with the appellate rules and support his argument with relevant authority results in a waiver of his claim on appeal.

Moreover, Ashbaugh fails to establish the elements of a *Brady* claim.  *Brady* requires all material exculpatory evidence known to the State or in its possession be disclosed to the defendant. *Brady*, 373 U.S. at 87.  Although the video was disclosed during voir dire of the first trial, the district court vacated and continued the trial.   Thus, Ashbaugh had the video evidence approximately four months before the second trial setting.  Ashbaugh fails to explain how the evidence was undisclosed when he had it for four months and had the opportunity to play the video at trial.   Moreover, because the video footage was never admitted into evidence, neither the magistrate court nor the district court could assess whether the video contained exculpatory evidence.  Finally, Ashbaugh's opening brief contains no argument explaining how the magistrate court or district court erred or any explanation of why the dashboard camera video constitutes *Brady* material.  Consequently, Ashbaugh has waived any claim that the magistrate court erred in concluding the video did not constitute *Brady* material or that the district court, in its intermediate appellate capacity, erred in affirming the magistrate court's finding that no *Brady* violation occurred.

**B.     Jury Question**

Ashbaugh argues the district court erred in affirming the magistrate court's response to the jury's question because it invaded the province of the jury by directing the jury on Officer Schatz's credibility, and thus, violated Ashbaugh's due process rights. First, any due process claim is not preserved for appeal because no such argument was made in the trial court. Issues raised for the first time on appeal will not be considered. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017). Second, because the magistrate court's response said nothing about Officer Schatz's credibility and simply instructed the jury that it should not consider a legal issue, the response did not invade the province of the jury, and thus, the district court did not err.

A trial court's decision whether or not to give further instructions in response to jurors' questions is discretionary. *State v. Sheahan*, 139 Idaho 267, 282, 77 P.3d 956, 971 (2003). This Court reviews such a decision under an abuse of discretion standard. *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Ashbaugh again fails to cite to any portion of the record in this section of his argument, and we decline to search the record for error; thus, Ashbaugh has waived any claim of error on appeal. I.A.R. 35(a)(6); *Bach*, 148 Idaho at 790, 229 P.3d at 1152. Additionally, on appeal, Ashbaugh claims the magistrate court's response to the jury's question violates Idaho Rule of Evidence 403.[1] This was not an argument raised in the magistrate court and thus, is not preserved for appeal. *Garcia-Rodriguez*, 162 Idaho at 275, 396 P.3d at 704. Ashbaugh argues that "had the exculpatory video been shown to the jury, the results of the trial would likely have differed." However, the only reason the video was not shown to the jury was because Ashbaugh was unable to make the technology work. That is not an error attributable to either the magistrate court or the State.

---

[1]     Notably, all of Ashbaugh's citations to authority in this section of his brief are to federal cases, federal rules of evidence, and federal rules of procedure. Even if the caselaw cited was relevant (and they are not), federal rules and precedent is not binding authority in Idaho courts.

Ashbaugh argues "Officer Schatz's credibility, specifically regarding the legality of the stop, was at issue, and the [Court's] additional Jury instructions relayed were dispositive of an abuse of discretion, which generated a bias against [Ashbaugh]." We disagree that the legality of the stop was a factual issue for the jury to decide. The question submitted by the jury was, "Can the jury consider whether or not the officer legally pulled over Mr. Ashbaugh? And if so, did the officer legally pull him over under the rule of law?" After discussion with the parties, the magistrate court provided the following response: "The Court has received your question. The issue as to the legality of the stop is not an issue for the jury's determination." The district court concluded that the magistrate court did not comment on or decide the officer's credibility. The district court also concluded that all the jury had to determine was whether Ashbaugh was guilty of DUI, not whether the stop was legal. As a result, nothing about the magistrate court's response invaded the province of the jury.

The legality of the stop was decided by the magistrate court prior to trial in response to Ashbaugh's motion to suppress. Prior to submitting its response to the jury, the magistrate court invited comments from both Ashbaugh and the State. Ashbaugh's argument that the jury's question was about the officer's credibility was considered and rejected by the magistrate court.

Additionally, the answer provided by the magistrate court did not invade the province of the jury. It made no comment on Officer Schatz's credibility or directed the jury to make any particular factual finding; instead, it instructed the jury that the legal issue was not an issue for the jury to decide. A jury does not decide the legality of a traffic stop; that is a legal issue to be decided by the trial court. As a result, there was no error in the magistrate court's response to the jury's question because it said nothing about Officer Schatz's credibility and simply instructed the jury not to concern itself with a question of law. As a result, the magistrate court's response did not invade the province of the jury, and consequently, did not constitute error.

## C.  Cumulative Error

Finally, Ashbaugh contends that the cumulative error doctrine applies here, necessitating a reversal of his conviction. Under the doctrine of cumulative error, a series of errors, harmless in and of themselves, may in the aggregate show the absence of a fair trial. *State v. Adamcik*, 152 Idaho 445, 483, 272 P.3d 417, 455 (2012). However, a necessary predicate to the application of the doctrine is a finding of more than one error. *Id.* Ashbaugh has failed to demonstrate any error. As such, the cumulative error doctrine does not apply.

8

**IV.**

**CONCLUSION**

The district court, sitting in its appellate capacity, did not err in affirming the magistrate court's rulings that: (1) the State did not fail to timely disclose material and exculpatory evidence and thus, there was no *Brady* violation; (2) the instruction given in response to a jury question was not an abuse of discretion; and (3) there is no cumulative error in this case. The memorandum decision and order of the district court, on intermediate appeal, is affirmed.

Judge LORELLO and Judge TRIBE, **CONCUR**.